## R. C. DANSBY V. FRIEBERG, KLEIN & CO.

### No. 2842.

**Assignment—Secret Promise by Debtor.**—A secret promise by an assigning debtor to a creditor to pay him what shall remain unpaid of his claim upon the administration of the assets assigned is void, as is also a promissory note made to the creditor by the debtor for such balance, although such note be made after the close of the assignment proceedings.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*W. B. Denson,* for appellant.—The court erred in rendering judgment for plaintiffs upon the note sued on, because it was tainted with the fraud of a secret agreement by which plaintiffs were to get more than the other creditors of defendants, and yet held themselves out to the other creditors as accepting the same distributive share pro rata of defendant's effects under his assignment, and pretending to put themselves on an equality with other creditors, thereby inducing them to join in accepting the assignment; whereas the agreement of defendant to make the note and the execution thereof, if valid in law, gave the plaintiffs an advantage over the other creditors, which was misleading and fraudulent. Willis & Bro. v. Morris, 63 Texas, 458; 1 Story's Eq. Jur., 378–80; Church v. Muritz, 2 Woods, 204; 1 Dan. on Neg. Inst., sec. 194; Daughty v. Savage, 28 Conn., 146; 1 Par. on Con., 456.

*Scott & Levi,* for appellees. — 1. The special plea concedes the validity of the original debt and that it is unpaid to the extent of the notes sued upon, which were given for the unpaid balance. The legal obligation to pay this debt was by force of positive law discharged when appellees accepted the benefits of the assignment which stipulated for a release, and appellees' remedy for the recovery of the debt by suit was barred. But the debt was not paid by the proceedings mentioned; the moral obligation still rested on appellant to pay it. In conscience it was still due though discharged in law, and "this moral obligation, uniting with a subsequent promise" by appellant, gave appellees a right of action. Dusenbury v. Hoyt, 53 N. Y., 521; Yates v. Hollingsworth, 5 H. & J., 216;

Maxim v. Morse, 8 Mass., 127; Stewart v. Recklen, 24 N. J. Law, 427; Spooner v. Russell, 30 Me., 454; William v. Robbins, 32 Me., 181; Fletcher v. Neally, 20 N. H., 464; Herndon v. Givens, 16 Ala., 261; Blane v. Banks, 10 Rob., 115.

2. The promise, given as it was by an insolvent debtor after he had made an assignment under the statute for the benefit of creditors, conveying all assets to which the creditors could by any possibility have recourse, was a matter in which no one was concerned save appellant and appellees; and the consideration for the promise—that is, that appellees should accept under the assignment—gave appellant no advantage over other creditors, all having the option to accept the assignment or not as they pleased. Sayles' Civ. Stats., title 7a.

3. By the assignment all the debtor's property was turned over to his creditors. Each had the option to participate in its distribution, which right could not be abridged or enlarged by the act of any other creditor nor of the debtor, and none could legally object to appellees exercising their right to accept, no matter what inducements moved them to do so. The promise of appellant related to future assets with which creditors accepting under the assignment had no concern whatever, and so far from appellant's act in accepting under the assignment was concerned, its influence was rather to prevent than encourage similar acceptance by others.

ACKER, PRESIDING JUDGE.—R. C. Dansby made a statutory assignment for the benefit of his creditors, being then indebted to Freiberg, Klein & Co. in the sum of about $875. To induce Freiberg, Klein & Co. to accept the assignment Dansby agreed that he would pay them the balance of their claim remaining unpaid after they received their pro rata interest in the assigned estate, they having refused to accept the assignment unless he did so agree. In pursuance of this agreement Freiberg, Klein & Co. accepted the assignment, and after the estate was distributed amongst the creditors Dansby executed and delivered to them his promissory note for the balance due them, upon which they brought this suit.

The defendant answered that the note was without consideration and void, and that its payment could not be enforced, for it was tainted with the fraud of a secret agreement by which a preference was given by an assignor to one of his creditors, and set out the agreement between him and plaintiffs in pursuance of which he alleged that the note was executed and delivered.

The court sustained plaintiffs' demurrer to that part of the answer which set up fraud of the agreement under which the note was executed, and the trial by the court without a jury resulted in judgment for plaintiffs, from which this appeal is prosecuted.

Under proper assignments of error it is contended that the answer set

up a good defense, and that the court erred in sustaining the demurrer and rendering judgment for plaintiffs.

Mr. Story, in his work on Equity Jurisprudence, section 378, says: "There are other cases of constructive frauds against creditors which the wholesome moral justice of the law has equally discredited and denounced. We refer to that not unfrequent class of cases in which, upon the failure or insolvency of their debtors, some creditors have, by secret compositions, obtained undue advantages, and thus decoyed other innocent and unsuspecting creditors into signing deeds of composition, which they supposed to be founded upon the basis of entire equity and reciprocity among all the creditors, when, in fact, there was a designed or actual imposition upon all but the favored few." This doctrine has been adopted and applied in this State (Willis & Bro. v. Morris, 63 Texas, 458), and it is insisted that it applies to this case.

Appellees contend that the doctrine does not apply, because the agreement was entered into after the execution of a statutory assignment by the debtor, and this therefore is not a case of secret agreement in violation of the apparent terms of a composition agreement with all creditors.

The acceptance necessarily had the effect to take from other accepting creditors so much of the proceeds of the assigned estate as were applied to plaintiffs' claim.

The case of Ramsdell v. Edgarton, 49 Massachusetts (8 Metc.), 230, seems to us very much in point. Chief Justice Shaw, delivering the opinion in that case, said: "It is found that this memorandum promising to pay the balance of the debt in full, as far as the assigned property should fall short, was made as an inducement to the plaintiff to sign the assignment, and that he objected to signing it till this was done. If the memorandum could be considered as made before signing the assignment, then the obligation created by it would have been discharged by the general release contained in the assignment. But the true way is to consider them as made at the same time, and the one act as the inducement to the other. * * * It was a secret agreement made at the time of the assignment, and repugnant to its terms. By the assignment the creditor professed to unite with other creditors in discharging the common debtor on receiving an equal distribution of his property. This was wholly counteracted by the secret agreement. It was an unwarrantable coercion upon the debtor, and a fraud upon the other creditors, and so was void.

"The cases cited for the plaintiffs, where it has been held that an express promise to pay the balance of a debt discharged by an act of bankruptcy is a good foundation to support an action, have no application. They proceed on the ground that the debt thus discharged leaves a moral obligation, which is a good consideration for an express promise. The

distinction is obvious.    The discharge is past, and the conscious moral obligation is the real consideration for the express promise.    Here the consideration for the promise is that the creditor will execute a nominal and formal release, which may influence others, but which is intended to be counteracted by the agreement, so as to operate as no discharge of the debt."    See also Greenwood on Public Policy, 146–48.

The language of Chief Justice Shaw in the foregoing quotation expresses more clearly than the writer could our views of the law governing the disposition of this case.

We are of opinion that the court below erred in sustaining the demurrer to the answer and rendering judgment for plaintiffs, and that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 11, 1890.