## H. W. LONG v. E. A. PATTON ET AL.

### Decided April 20, 1906.

**1.—Endorser—Extension of Time—Release.**

At the request of the holder of a note, an endorser thereof agreed that the time of payment might be extended in consideration, and upon the undertaking of said holder returning to the possession of the maker certain property mortgaged to secure the payment of said note. The note was extended, but the property was never returned, as stipulated by the endorser. Held, the endorser was thereby released.

**2.—Endorser—Release.**

The release of the maker of a note releases the endorser also.

**3.—Assumption of Note—Principal and Surety.**

When the purchaser of mortgaged property, as a part of the consideration therefor, assumes the payment of the mortgage note, he becomes primarily liable therefor, and the maker of the note occupies the position of a surety.

**4.—Same—Extension of Time—Release of Maker.**

If the holder of the note extends the time of payment at the request of the party who has assumed its payment, the maker is thereby released.

Error from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Stanley Thompson,* for plaintiff in error.—If the agreement made by Long was, as claimed by Smothers, that Long would get possession of the cattle in question from Cowan, and deliver them over to Patton, then it was a mere promise to do something in the future, and is no legal grounds for the rescission of the agreement made by Smothers to extend the notes. Chicago, T. & M. C. Ry. v. Titterington, 84 Texas, 218; Mayer v. Swift, 73 Texas, 367.

There being no evidence to justify it, and no finding of the court that Smothers. was damaged by the failure of Long to carry out the alleged agreement to get the cattle back from Cowan and put them back into the possession of Patton, the failure of Long to carry out such agreement can not be made the basis of a claim to rescind the agreement of Smothers to the extension of the time for payment of the notes. Bremond v. McLean, 45 Texas, 17; Lemmon v. Hanley, 28 Texas, 220.

Long's taking the mortgage of October 27 and releasing the same, if he did release it, did not release the indorsers, because it left them in no worse condition than they were at the time of their indorsement. Tooke v. Taylor, 31 Texas, 1.

*Cobb & Campbell* and *A. E. Amerman,* for defendants in error Smothers and Patton.—If, at the time Long made the agreement with Smothers, that he could and would secure the cattle from Cowan and return them into the possession of Patton, he, Long, knew that he could not carry out the said agreement, and had no intention of carrying out the same, at the time he made it, and made the same with the design to deceive Smothers, then this would constitute such a fraud against Smothers as would entitle him to a rescission of the agreement to extend the notes. Chicago, T. & M. C. Ry. v. Titterington, 84 Texas, 218.

The conclusion of law that by the release of Patton, the maker of the note, all endorsers were released is supported by the evidence, because it is shown that Cowan had assumed the payment of the notes, and that Long had released Cowan from liability on the notes, which in effect, released Patton and Smothers. Hall v. Johnston, 24 S. W. Rep., 861; Union Stove & Machine Works v. Caswell (Kan.), 16 Law Rep. Ann., 85; Colgrove v. Tallman, 67 N. Y., '95; Norton on Bills and Notes, secs. 120 and 121.

REESE, Associate Justice.—This is a suit instituted by H. W. Long against E. A. Patton, as maker, and the Chas. R. Munger Investment Company and D. D. Smothers, endorsers, on two notes for $206.32 each, and against E. A. Patton, as maker, and Chas. R. Munger Investment Company, as endorsers, on one note for $100, all of which notes were secured by chattel mortgages on cattle which are sought to be foreclosed. T. M. Cowan was also made defendant upon an allegation that he had possession of some of the cattle.

Patton answered by general demurrer and general denial and pleaded specially that after the execution of the notes by him, he, with the knowledge and consent of all parties concerned, sold and delivered to T. M. Cowan the cattle described in the chattel mortgages referred to (excepting two head), and that as one of the considerations of such sale Cowan assumed the payment of the several notes sued on. That plaintiff had knowledge of said sale and agreement and consented and acquiesced therein, and that afterwards, about October 27, 1903, plaintiff, in consideration of the sum of $25 to him paid by Cowan and without the knowledge and consent of, and without any consideration to him, said Patton, agreed to and did extend to Cowan the time for the payment of all of said notes beyond the date of their maturity, by reason whereof he, Patton, was released therefrom. It is further averred that afterwards plaintiff, for a consideration, agreed to and did release and discharge Cowan from the obligation assumed by him to pay said notes.

Defendant Patton further alleged that the cattle covered by the chattel mortgages were, in value, ample security for said notes, and that through the fraud and connivance of plaintiff they were all delivered into the hands of plaintiff and other persons, at the request of plaintiff, some of the cattle having been in the meantime sold by Cowan with the consent of plaintiff, and that thereby the security was dissipated and depreciated. It is alleged that the effect of the acts aforesaid was to release and discharge defendant Patton from liability upon the notes.

Defendant Smothers answered also by general demurrer and general denial and specially pleaded, in substance, that after the transfer and endorsement by him of the two notes referred to in plaintiff's petition, it having come to his knowledge that the cattle described in the mortgages given to secure the same, were, with the consent of plaintiff and C. R. Munger Investment Company, to whom he had endorsed the notes and who had in turn endorsed the same to plaintiff, being rapidly disposed of to other parties in fraud of the rights of defendant, he, when said notes were about due, demanded of plaintiff that he at once enforce collection of the same. That thereupon plaintiff, the Munger Investment Company and E. A. Patton requested and importuned defendant to agree to extend the time of payment for thirty days, which he at first refused to do, but that he did later agree that such extension should be granted upon condition that plaintiff would at once get possession of all of said cattle and deliver the same to said Patton, the reason for such stipulation being that Patton resided near defendant and defendant could have personal supervision of the cattle if in Patton's possession. It is averred that plaintiff, Patton and C. R. Munger falsely represented to defendant at the time, that the cattle could be returned to Patton, by which defendant was misled and induced to agree to the extension of the notes. It is alleged that, in fact, all of said cattle had been disposed of by Patton with the consent of plaintiff and the Munger Investment Company to Cowan, who had bought the same from Patton, and they could not be returned to Patton as agreed, and were not in fact so returned to him, but that on the contrary, the parties conspired together to dispose of the cattle so that they could not be reached for the purpose of realizing the amount of said notes from a sale of them. It is charged that Munger bought some of the cattle and that plaintiff disposed of

others at greatly less than the then market value, the result of which was that the security for the notes was dissipated in the belief, on the part of plaintiff, that he could hold defendant upon his endorsement.

The facts with regard to the sale by Patton to Cowan with plaintiff's consent, the assumption by Cowan of the notes sued on, and the extension of the notes, for $25 cash paid to plaintiff by Cowan, and the subsequent release of Cowan, who is alleged to have been amply able to pay the notes, upon the delivery of the cattle by Cowan to plaintiff, were also pleaded.

The Munger Investment Company by its answer denied generally the allegations of the petition, but admitted the endorsement of the notes to plaintiff, and prayed if payment be recovered against it, that it have judgment over against Patton and Smothers.

Cowan answered that he had none of the cattle as alleged, but that he had turned over to plaintiff all of the cattle secured by him.

Upon trial before the court without a jury judgment was rendered for all of the defendants, and the plaintiff appeals. No brief has been filed for the Munger Investment Company or Cowan.

The court filed conclusions of fact, which are sufficiently supported by the evidence and are here adopted. From such findings the following condensed statement of the facts is made:

The notes were executed by Patton and endorsed by the Munger Investment Company, and by the said company and Smothers, and secured by the chattel mortgages on cattle, substantially as alleged in plaintiff's petition.

On October 23, 1903, one of the notes for $206.32 being due, and the other about to become due, plaintiffs Long, Smothers and C. R. Munger made some kind of an agreement by endorsing upon the back of each of said notes the following statement: "October 23, 1903. I hereby agree to the extension of the within note for 30 days from date hereof," signed by D. D. Smothers and Chas. R. Munger. The notes not being paid at the end of the thirty days this suit was brought.

At the time the agreement was made for the extension of the notes, the cattle had been sold by E. A. Patton, the maker of the notes, to T. M. Cowan, who as part of the consideration therefor assumed the payment of all of said notes.

On the 23d of October, when Smothers and C. R. Munger (who was in fact the Munger Investment Company) signed the agreement for the extension of the notes, the cattle were amply sufficient, in value, to pay the notes, and Smothers informed Long of this fact, and told him that he would not stand for the debt any longer unless the cattle were put back in Patton's possession so that they would be where Smothers could look after them, and Smothers refused to agree to the extension of the notes, as endorser thereof, unless this was done. Long agreed to do this. But for this agreement Smothers would not have agreed to the extension. This was never done, nor did Long ever take possession of the cattle.

On October 27, 1903, in consideration of $25 paid him by Cowan, Long extended the payment of the notes until November 22, 1903. This extension was granted to Cowan, who had assumed the payment of the notes when he bought the cattle from Patton. Cowan gave a mort-

gage on the cattle to secure the payment of his note for $25 paid to Long, and in this mortgage it is stated that it is also given as additional security for the three notes sued on, the payment of which had been assumed by him.

With regard to the release by Long of Patton, the findings of fact of the trial court are very obscure and confusing. Looking, however, to the conclusion of law, in which are mingled what are properly conclusions of fact, we find the following facts, which are supported by the evidence, that is to say, Long accepted the condition arising out of the fact that Cowan had assumed to Patton the payment of the notes, and, after having first agreed with Cowan to extend the time of the payment of the notes; after having obtained the consent of Smothers and Munger under the circumstances as before recited; after the notes became due upon the expiration of the extension, took possession of some of the cattle and sold them and released Cowan from all liability upon the notes.

The first, second and third assignments of error attack certain findings of fact by the trial court, as not being supported by the evidence. The findings so complained of are, we think, fairly deducible from the evidence, taken as a whole. The testimony in support of the finding that Long had released Cowan is very meagre and not at all satisfactory to our minds, but we can not say that it is without evidence to support it, which is the only ground upon which it is attacked.

The fourth assignment refers to what is called a finding of fact of the trial court which, in fact, is not such a finding at all, but merely a discussion of the evidence in no way material to the decision of the case.

Other assignments of error are addressed to the conclusions of law of the trial court and may be disposed of without further reference to each assignment separately.

Whether the extension of the two notes upon which Smothers was endorser had been given to Patton, the maker, or to Cowan, who had assumed payment thereof, the agreement of Smothers to such extension was expressly conditioned that the cattle should be placed back in the possession of Patton. Smothers did not extend the time of payment of the notes. It was not in his power to do so. The legal effect and the clear intention of the agreement endorsed on the notes and signed by himself and Munger, coupled with the condition upon which it was made, was that he thereby agreed that Long, the holder of the notes, might grant such extension, provided the cattle were disposed of as required by him, which Long agreed should be done. Any extension granted to Cowan without a compliance with this condition was without the consent of Smothers and released him from liability. If the promise or agreement of Long, with regard to the cattle, be taken as the sole consideration for Smothers' agreement to an extension of the notes, the failure of Long to carry out this agreement would amount to a failure of consideration for Smothers' agreement.

This is not a suit by Smothers to rescind the agreement, but, in legal effect, a suit by Long to enforce it, and the distinction between a false promise and a false representation of an existing fact does not apply as in the cases of Chicago, T. & M. C. Ry. v. Titterington, 84 Texas, 218, and Mayer v. Swift, 73 Texas, 367, cited by appellant.

Independent of this, however, the release of Patton, the maker of the note, also operated a release of Smothers as endorser.

The trial court found, which finding we have approved, that Patton had sold the cattle to Cowan and that as one of the considerations of such sale Cowan assumed the payment of all of the notes here sued upon, which were secured by mortgages on the cattle. This made Cowan primarily liable for the payment of the notes and established the relation of principal and surety as between himself and Patton, the maker.

The trial court also found, which finding we have approved, that Long had released Cowan from this liability. The evidence tends to show that Long accepted or acquiesced in this new relationship of principal and surety between Cowan and Patton growing out of the assumption of the notes by Cowan, as is shown by his demanding and accepting from Cowan $25, and in consideration thereof granting to Cowan an extension of the time of payment of the notes. Long seems to have really dealt with Cowan and not Patton as the person primarily liable on the notes, and to have understood that the extension, to which it is claimed Smothers and Munger agreed, was to Cowan and not to Patton.

There seems to be some conflict in the authorities as to whether an extension of the time of payment to a person who, by agreement with the maker of a debt, for sufficient consideration, has assumed the payment thereof, will release such original debtor. The question was decided in the affirmative by the Court of Civil Appeals of the Third District in Hall v. Johnston, 24 S. W. Rep., 861, Chief Justice Fisher dissenting. It was held by this court in Zapalac v. Zapp, 54 S. W. Rep., 938, that where the holder of a note, after having received information that one of the apparent joint makers of the note was, in fact, only a surety, extends the time of payment thereof without the consent of such surety, the surety is thereby released, though the holder did not know that the surety was not a joint maker at the time he took the note. It would logically follow from this that the holder of a debt is bound to recognize the relationship of principal and surety, *inter sese,* of persons bound for the debt, if he knows of such relationship at the time the extension of time of the payment of the debt is granted or such principal released.

In the present case Long not only knew of the primary obligation of Cowan to pay the debt, making him the principal not only as to the maker but also as to the endorsers, but undertook to deal with him as such. Cowan's liability to him at all rested solely upon his assumption of the debt by agreement with Patton, and the effect of this was to make him the principal debtor. We think that by the release of Cowan he hereby released Patton, the maker of the notes, from liability. In addition to authorities cited in the majority opinion in Hall v. Johnston, *supra,* we refer to 22 Am. and Eng. Ency. of Law (2d. ed), p. 433, and authorities collected in note; also Union Stove & Machine Works v. Caswell, 16 Law Rep. Ann., 85.

It also appears that the extension of time granted to Cowan by Long was without the knowledge or consent of Patton, which furnishes an additional ground for the release of Patton.

We have concluded in a former part of this opinion that the extension of time granted to Cowan released the endorsers. The release of Cowan

also had this effect, and if there should be any doubt upon this point, the release of Patton, the maker of the notes, either upon the ground of the extension of time, or the release of Cowan, operated of itself to release Smothers and Munger.

Munger (or the Munger Investment Company) did not seek by his pleadings to avail himself of this release and discharge, but there is no assignment of error upon this point and in the absence of such assignment the point can not be considered.

This disposes of all the questions raised by the assignments of error. We find no error in the judgment and it is therefore affirmed.

*Affirmed.*