ABERNATHY RIGBY CO. v. McDOUGLE, CAMERON & WEBSTER CO. (No. 997.)

(Court of Civil Appeals of Texas. Amarillo. May 17, 1916. Rehearing Denied June 14, 1916.)

1. PARTNERSHIP ⊕239(4) — LIABILITY OF PARTNER—PRINCIPAL OR SURETY.

A partner who sold out to his two partners, who assumed a partnership indebtedness but whom the creditor did not release, was bound on the note, and the creditor was entitled to a judgment against him; the agreement between himself and his partners not changing his relation from that of a principal obligor to a mere surety without the creditor's consent.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 498; Dec. Dig. ⊕239(4).]

2. COMPOSITIONS WITH CREDITORS ⊕27 — PARTNERSHIP'S DEBT — "COMPOSITION AGREEMENT WITH CREDITORS."

Where a creditor of a partnership agreed to take 60 cents on the dollar of their indebtedness in full settlement if a third person would take the partnership's stock of goods at 60 per cent. and induced other creditors to accept that settlement, and such third person refused to take over the stock on such terms, and the creditor thereafter notified the debtor and the other creditors that it withdrew its proposition to take 60 cents on the dollar, there was no composition agreement between the debtor and the creditors; "a composition agreement with creditors" being an agreement between an insolvent or embarrassed debtor and his creditors, whereby the creditors in consideration of an immediate payment agree to accept a dividend less than the whole amount of their claim to be distribut-

ed pro rata in discharge and satisfaction of the whole debt.

[Ed. Note.—For other cases, see Compositions with Creditors, Cent. Dig. §§ 2, 78, 85, 86, 93, 94; Dec. Dig. ⊕27.

For other definitions, see Words and Phrases, First and Second Series, Composition.]

3. COMPOSITIONS WITH CREDITORS ⊕13—EFFECT—FRAUD.

In such case a secret understanding between a bank, one of the largest creditors, the party who was to take over the partnership's stock, and the partnership, that the bank should be paid its debt in full, was a fraud upon the other creditors, which would defeat a composition agreement if any had been in fact made.

[Ed. Note.—For other cases, see Compositions with Creditors, Cent. Dig. §§ 23–37, 87–94; Dec. Dig. ⊕13.]

4. APPEAL AND ERROR ⊕1046(3)—HARMLESS ERROR—RIGHT TO OPEN AND CLOSE.

Error, if any, in refusing defendant the right to open and close the evidence and argument, was harmless, where the court properly took the case from the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4130; Dec. Dig. ⊕1046(3).]

Appeal from Dallas County Court at Law; T. A. Work, Judge.

Suit by the McDougle, Cameron & Webster Company against the Abernathy Rigby Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Johnson & Harrell, of Cleburne, and W. L. Ward, of Dallas, for appellant. Short & Field, of Dallas, for appellee.

HUFF, C. J. The appellee instituted this suit to recover a balance due on a $1,000 note, executed December 1, 1913, by appellant, a partnership composed of L. H. Rigby, J. C. Abernathy, and W. B. Harrell. The credits made on the note were set out with the date thereof, leaving a balance amounting to—principal, interest, and attorney's fees—$306, at the date of the trial.

The appellants allege that Rigby sold out his interest in the partnership, and the other two parties, Abernathy and Harrell, assumed the indebtedness due appellee, together with all other indebtedness due by the partnership, and that appellee agreed to release him from the debt. It is also alleged that by a composition agreement with the creditors of the firm and with appellee, by which they were to take 60 cents on the dollar of the indebtedness, that appellants were not indebted in the amount sued for, and that since such agreement appellants have paid $100, and that 60 cents on the dollar of the balance due on the note, less the $100, left the sum now due about $125. These allegations are each and all denied by the appellee.

The facts show that Rigby did sell out his interest in the partnership business as alleged, and that the remaining partners assumed the indebtedness. The appellee's agent was so notified by Rigby, but it is uncontroverted that, when requested to release Rigby, he re-

fused to do so. Rigby admits in his testimony that appellee informed him it would look to him and hold him on the note.

The partnership, appellant, was composed of the members as alleged. The facts in this case establish that appellee agreed to take 60 cents on the dollar of their indebtedness in full settlement. J. B. Dobry, an outside party, was to take the stock of goods at 60 per cent., and the agreement, according to Mr. Morgan, appellee's representative, was that appellee would take 60 cents, provided Dobry bought the goods. Dobry testified that he agreed to take the goods and pay the creditors 60 cents on the dollar, and so notified Mr. Morgan, who agreed to do what they agreed upon, and would take 60 cents on appellee's debt. It appears that appellants furnished to Dobry a list of their creditors, but upon investigation he found the amounts stated in this list were less than was owing by the firm, and he refused to go through with the trade. While this trade was pending appellee wrote a circular letter to some 10 of the creditors of the partnership and phoned some of them that Dobry was going to purchase the stock and would pay 60 per cent. of the debts, advising that appellee was willing to accept that amount for its claim, and also advised the various creditors to whom it wrote that it would be to their interest to do the same. Some of these creditors wrote to appellee, stating that they were willing to accept the settlement, and these letters were sent to Dobry, who in the meantime, however, had refused to purchase the goods, because, as he says, the claims were more than stated on the list, and he so notified appellee. Upon this notice appellee notified all the creditors that it would withdraw its proposition to take 60 cents, and also notified appellant to the same effect. This statement is not denied or controverted.

There is a suggestion in the testimony that the stock of goods was afterwards sold to some one else, but for how much is not shown, or whether the other creditors accepted 60 per cent. There is evidence also that, while Dobry was negotiating for the purchase, the list furnished by appellant showed an indebtedness to the bank in the sum of $2,000, and that he (Dobry), appellants, and the bank agreed that if he bought the bank would extend the note six months, but Dobry was to indorse the note and pay the full sum due the bank.

[1] The trial court, instructed a verdict for the appellee for the balance due, as shown by the note, after allowing the credits paid thereon. Rigby contends that by the assumption of the other partners he was released, and that he is only a surety by virtue of the assumption. The testimony is uncontroverted that appellee did not release Rigby, but refused to do so upon request. Rigby was bound upon the note and for the debt, and therefore appellee was entitled to judgment against him thereon. Shapleigh v. Wells, 90

Tex. 110, 37 S. W. 411, 59 Am. St. Rep. 783; White v. Boone, 71 Tex. 712, 12 S. W. 51. There is no prayer over against the copartners by Rigby for judgment, or that the appellee be first required to make its debt out of their property. The agreement of Rigby and his partners as to appellee would not change his relation from a principal obligor to a mere surety without its consent. 90 Tex. 110, 37 S. W. 411, supra.

The assignments are not sufficient to attack the judgment as to its failure to direct execution against the remaining partners' property first.

[2] The pleadings and facts in this case do not warrant the holding that there was an accord and satisfaction as between appellants and appellee. All that is set out or attempted to be shown by the facts was a composition agreement between the debtors and creditors. This clearly is not shown. The trade upon which the attempted composition was sought did not go through, and appellee then notified appellant it would not take 60 cents, and also notified all the creditors with whom it had communicated. This fact is not denied or disputed. It is not shown that the other creditors ever acted upon such agreement and accepted 60 per cent., except upon the condition of Dobry's contract, which he refused to consummate. "A composition agreement with creditors is an agreement between an insolvent or embarrassed debtor and his creditors, whereby the creditors, in consideration of an immediate payment, agree to accept a dividend less than the whole amount of their claim, to be distributed pro rata in discharge and satisfaction of the whole debt." Lanes v. Squyres, 45 Tex. 382. The circular letter sent shows what the terms of the agreement were to be. Dobry was to buy and pay for the goods and pay the creditors 60 cents on the dollar. This he never did, but refused to do. No other agreement is attempted to be shown, and in so far as the appellee is concerned in this case, what others may have agreed or accepted thereafter could not affect it, especially after it had notified all that it would not take 60 cents when Dobry declined to take the stock of goods.

[3] In this case it was shown that there was a secret understanding between the bank, one of the largest creditors, Dobry, and appellant, which was unknown to appellee at the time, and not until the day before the trial of this case was it informed of such secret understanding; that is, that the bank should be paid in full its debt. This was a fraud upon the other creditors, and would defeat the composition agreement relied upon, if it in fact had been made. Willis Bros. v. Morris, 63 Tex. 458, 51 Am. Rep. 655; Dansby v. Frieberg, 76 Tex. 463, 13 S. W. 331.

[4] Appellant complains at the action of the court in refusing to permit them to open and close the evidence and argument.

If error, it is harmless, as the court took the case from the jury, and we believe, under the facts of this case, he properly did so.

The case will be affirmed.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.