**LIPE v. WEBSTER et al. (No. 26.)**

(Court of Civil Appeals of Texas. Eastland. Oct. 23, 1925.)

**1. Appeal and error ⟐879—Action of court in rendering judgment against one partner and discharging another held not reviewable, where discharged partner was not party to appeal.**

Action of trial court rendering judgment against one partner in discharging another partner, sued on partnership debt, is not reviewable on appeal, where partner discharged was not made party to appeal.

**2. Assignments for benefit of creditors ⟐326 —Where partnership creditors failed to receive specified dividend, neither partner discharged.**

Where partnership creditors, who agreed to release one partner in consideration of his making statutory assignment for benefit of creditors, did not receive requisite dividend of 33⅓ per cent., neither partner was discharged.

**3. Release ⟐28(1)—Release of one jointly and severally liable does not release others similarly bound.**

Release of one jointly and severally liable does not release others similarly bound.

**4. Assignments for benefit of creditors ⟐326 —That dividends were credited on open account instead of on note held not error, where both were partnership debts.**

That dividends accruing to partnership creditors under statutory assignment for benefit of creditors by one partner were credited on open account instead of on note was not error, where both were partnership debts.

Error from District Court, Stephens County; C. O. Hamlin, Judge.

Action by J. P. Webster and others against Scott Lipe and another. Judgment for plaintiffs against defendant named, and said defendant brings error. Affirmed.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Arrington & Chappell, of Breckenridge, for plaintiff in error.

Benson & Dean, of Breckenridge, for defendants in error.

PANNILL, C. J. The parties will be designated as in the trial court. Lipe and Mosley were indebted to plaintiffs in the sum of $2,700, $1,700 of which was due on open account; $1,000 of this indebtedness was evidenced by the joint and several notes of said defendants as partners. Suit was brought on the notes. Judgment was in favor of plaintiffs against Lipe, who has appealed. Mosley was discharged by the judgment.

No conclusions of fact were filed. The case is here on a statement of facts. The discharge of Mosley by the trial court must have been based on Mosley's claim that plaintiffs agreed with the latter, if he would forego bankruptcy and make an assignment for the benefit of his creditors, plaintiffs would not hold him for the balance of their debt, after receiving their pro rata of his assets.

[1] Assignments are submitted as to the action of the court in discharging Mosley and at the same time rendering judgment against Lipe. This action of the court cannot be reviewed, as Mosley was not made a party to the appeal. Anderson v. Silliman, 92 Tex. 560, 50 S. W. 576.

[2] The remaining assignments are based upon the proposition that plaintiffs, having accepted under a statutory assignment and participated in the distribution of Mosley's assets, thereby released Mosley, and as a consequence released Lipe. This contention cannot be sustained. The evidence was that Mosley's assets only paid 15 per cent. of his indebtedness. The assignment relied upon provided for the distribution of Mosley's property among such of his creditors as would consent to accept their proportionate share of his estate in settlement of their claims in accordance with the provisions of the statutes, and plaintiffs did not receive the requisite 33⅓ per cent. under this assignment, and Mosley was not discharged by virtue thereof.

If the assignments of error in question had presented the further proposition that Lipe had sold his interest in the firm to Mosley, and that plaintiffs had consented thereto, and thereafter agreed with Mosley to release the latter as above stated, a different and more serious question would be presented. Long v. Patton, 43 Tex. Civ. App. 11, 93 S. W. 519; Maier v. Thorman (Tex. Civ. App.) 234 S. W. 239. The proposition of a release by a creditor of a principal debtor, effecting the release of a surety, is not presented for decision; therefore the rule announced in the cases cited is not considered.

[3] A release of one jointly and severally liable does not release others similarly bound. Tinkham v. Wright (Tex. Civ. App.) 163 S. W. 615; Abernathy Rigby Co. v. McDougle, Cameron & Webster Co. (Tex. Civ. App.) 187 S. W. 503.

[4] No merit is found in the complaint that the dividends accruing to plaintiffs were credited on the account and not on the note; the testimony shows that both were firm debts, and Lipe, if liable for one, is likewise for the other.

All the assignments are overruled, and the judgment is affirmed.