No. 6016.

WHITE, BAREFOOT & BRYANT v. MARY A. BOONE ET AL.

1. LIABILITY OF RETIRING PARTNER.—A creditor of a firm, by taking an obligation from the remaining members of the firm for his debt, does not thereby release the outgoing member of the firm. Otherwise, if the note be taken in satisfaction of the firm debt.

APPEAL from Montague.    Tried below before the Hon. F. E Piner.

The facts are stated in the opinion.

*Stephens, Matlock & Herbert,* for appellants:    When a debtor contracts a new debt to his creditor and executes his note therefor, which new debt is substituted for the old one, the original debt is thereby extinguished.    Scott v. Atchison, 36 Texas, 78; Deever v. Aiken, 9 Am. Law Rep., N. S., 638; also Grisham v. Morrow, Id.; 1 Parsons on Contracts, 217, 222; 2 Parsons on Contracts, 619 and notes, 624, 686 and notes.

*Ben. F. Turner, R. Cobb* and *Potter & Hughes,* ior appellees: The taking of new security, or the note of the remaining members of a firm, will not discharge the retired member or cancel the original obligation, unless such is the intention and agreement of the parties.    Mason v. Wickersham, 4 Watts & S., 100; Barnard v. Torrance, 5 Gill & John., 383; Davis Estate v. Desonque, 5 Whart., 530; Leobo v. Goode, 67 Mo., 126; Falk v. Wilson, 21 Md., 538; Tyner v. Stoop, 11 Ind., 22; Bowyer v. Knapp, 15 W. Va., 278; Hill v. Marcy, 49 N. H., 165; Mantress v. Byrd, 6 La. Ann., 519; Adler v. Foster, 9 Mich., 87; Parsons

on Partnership, 443, side p. 409, 3 ed.; Parker v. Canfield, 37 Conn., 250; Collier v. Leach, 29 Penn. St., 404; Titus v. Todd, 25 N. J. Eq., 458; see also 1 Lindley on Part., 621 et seq.

COLLARD, JUDGE. The questions in this case arise upon the following state of facts: Mrs. Mary A. Boone owning a one-half undivided interest in pasture lands in Clay county, leased the same on the sixteenth of April, 1883, to White, Barefoot & Bryant, partners in the cattle buisness, at two thousand four hundred and ninety-six dollars per year, for three years, one-half of which was to be paid at the beginning of the year and the remainder at the end of the year. Cash payments were made along but at the end of the first year there was due one thousand eight hundred and ninety-six dollars. In July or August, 1883, White sold out to the other partners who assumed all the liabilities of the business, and ran the same under the style of Barefoot & Bryant. Barefoot made all the negotiations with Mrs. Boone, who was his relative. At the end of the year he came to Mrs. Boone, estimated the amount then due for the first year and gave her the note of the new firm for the same—not having the money to pay it. Mrs. Boone was not able to state whether she knew at the time that White was out of the firm, but the fact and terms of dissolution had been published in the papers. At the time the note was given nothing was said about White—no agreement was made as to him, and no release given. The note of Barefoot & Bryant was given merely for the balance due at the end of the first year. She says that she took it as collateral, but Barefoot testifies that nothing was said about it being collateral. At the end of the second year Barefoot informed her that they could not keep the pasture for the full term of the lease because they were not able to pay for it—asked her to take it back, which she did, and rented it to another person.

White testified that Mrs. Boone came to his store after she had taken the pasture back, and before the suit was brought, and asked him to tell her how she could get her money out of Barefoot & Bryant, and asked him to assist her, and said nothing about his paying the money. Mrs. Boone denied the fact in her testimony. In all before suit there had been paid on the contract two thousand five hundred and forty-eight dollars.

Under these circumstances, White claims that the taking of

the note from Barefoot & Bryant changed the original contract and released him from all liability on it.

A retiring partner is not discharged from existing liabilities of the copartnership, nor from any unexpired lease made before retirement. The fact that the remaining partners have agreed with him to pay the debts and exonerate him from all liabilities upon a lease or other executory contract, would not affect the rights of the lessor. Such an agreement would be binding between the partners themselves only, unless creditors became parties to the agreement for a consideration. Upon this subject we adopt the language and principles stated by Mr. Parsons in his work on partnership, page 458, as follows: "It is said the adequacy of consideration can not be inquired into. And if a creditor of a firm *contracts or agrees* with a new firm to take their security in discharge of the old, the retiring partner is discharged from any liability to pay the debt, and whether such an agreement has taken place is a question of fact for the jury. To discharge a retiring partner, however, it is not sufficient to take a new security; but there must be an agreement to discharge him from the liability of the old firm." See also side page 417, Pars. on Part.

There is no pretense that Mrs. Boone agreed or made any contract to discharge White when she took the note. The undisputed evidence is there was nothing said about it. The fact that she subsequently took the pasture back when the new firm informed her they were unable to keep it, could not affect the case. She does not sue for the third year's rent. White was bound upon the contract for the whole time it was in use, and until it was surrendered to her by her consent. The judgment of the court was correct and ought to be affirmed.

*Affirmed.*

Opinion adopted November 13, 1888.

STAYTON,
*Chief Justice.*