**SIBLEY v. SHEERIN.   (No 9664.)**

(Court of Civil Appeals of Texas. Dallas. June 26, 1926.)

**1. Appeal and error 1024(3)—Reviewing court will not disturb trial court's finding on plea of privilege, where it cannot say 'there was no evidence to support judgment (Rev. St. 1925, art. 1995, subd. 7).**

Judgment sustaining plea of privilege to transfer cause to another county will not be disturbed, where reviewing court cannot say there was no evidence to support judgment on theory that case was one of fraud for which, under Rev. St. 1925, art. 1995, subd. 7, suit may be instituted in county in which fraud was committed.

**2. Pleading ⟨key⟩111—Defendant's right to hearing on plea of privilege held not waived because of failure to evidence postponement of hearing (Rev. St. 1925, art. 2092, § 14).**

Defendant did not waive his right of hearing on plea of privilege because of failure to evidence postponement of hearing for longer period than 60 days after it was filed by a duly entered order of court, under Rev. St. 1925, art. 2092, § 14, since burden of securing hearing rested upon plaintiff.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by S. W. Sibley against John J. Sheerin. From a judgment sustaining defendant's plea of privilege, plaintiff appeals. Affirmed.

,Stennis v. Stennis, of Dallas, for appellant.
Thomas, Frank, Milam & Touchstone, of Dallas, for appellee.

JONES, C. J. This is an appeal by S. W. Sibley, appellant, from a judgment of the district court of Dallas county sustaining the plea of privilege presented by John J. Sheerin, appellee, and transferring this cause to the district court of Eastland county.

The plea of privilege was in due form and timely filed. A controverting plea was filed by appellant, in which the venue was sought to be maintained in Dallas county on the following grounds: (1) That appellant resided in Dallas county, and appellee was a transient person; (2) that appellant's claim against appellee rested upon fraud committed against him by appellee in Dallas county. These allegations in the said controverting plea are in harmony with the allegations in the statement of his cause of action in appellant's original petition. The issues thus made were tried before the court and resulted in the rendition of the judgment above stated. Appellant challenges the correctness of this judgment on the second of said grounds, on the theory that the evidence established a prima facie plea of fraud committed in Dallas county. The undisputed evidence established the fact that appellee resides in Eastland county.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] It is provided in subdivision 7 of article 1995 of the Revised Civil Statutes:

"In all cases of fraud * * * suit may be brought in the county in which the fraud was committed."

The trial court heard the evidence offered by appellant to sustain his allegation of fraud, and found against him on this evidence. We have considered this evidence apart from that offered by appellee, and believe that the court was warranted in drawing the conclusion therefrom that appellant's cause of action is really one for breach of a contract, and not one resting in fraud. We are unable to say, therefore, that there was no evidence to support the conclusion and judgment of the trial court. We do not think it would be proper to discuss this evidence further, as this case must be tried upon its merits. The assignments of error on this issue are overruled. Kelly et al. v. Britton et al. (Tex. Civ. App.) 240 S. W. 1114; Ulrich et al. v. Krueger (Tex. Civ. App.) 272 S. W. 824; Miller v. Flynn et ux. (Tex. Civ. App.) 279 S. W. 879; Accidental Oil Mills v. Shoemake et al. (Tex. Civ. App.) 254 S. W. 385.

[2] It is also contended that appellee waived his right to a hearing of and a judgment on his plea of privilege. This claim of waiver rests on the following facts: The plea of privilege was filed by appellee on December 30, 1924; the controverting affidavit was filed on January 6, 1925; the plea of privilege was set for hearing January 24, 1925, and on said date was reset January 31, 1925; on said latter date the hearing was passed until February 7, 1925. No further order in reference to the plea was entered until May 13, 1925, when the hearing on said plea was had and the said judgment entered. Appellant duly objected to the consideration of said plea and the hearing of evidence thereon on the ground that appellee had waived his right to present said plea, and duly reserved a bill of exception to the adverse ruling of the court.

Subdivision 14 of article 2092 of the Revised Statutes reads as follows:

"Pleas of privilege shall be filed at or before the time the defendant is required to answer and a contest thereof, if any, shall be filed within twenty days after the appearance day, and if a contest is filed, the same shall, when filed, be set for hearing by the court within not exceeding thirty days after being filed and shall be determined by the court within not exceeding ten days after the date for which the same is set unless postponed or continued without prejudice, by order or leave of the court, by agreement of the parties, and shall not be postponed longer than sixty days after being filed unless by order of the court entered by agreement of the parties."

This statute directs the procedure of the district courts of Dallas county in reference to the setting for hearing, and the postponement of such hearing on pleas of privilege.

Said statute is mandatory in the respect that hearing on a plea of privilege cannot be postponed longer than 60 days after the date it is filed, unless by order of the court entered on agreement of the parties. This record discloses that this plea of privilege was not heard within 60 days after it was filed, nor was there entered any order of the court, based on the agreement of the parties, to postpone said hearing beyond said period of 60 days. Appellant, in effect, contends that because of the failure to evidence such postponement by a duly entered order of the court the right of a hearing was lost, and the plea of privilege should have been dismissed. We cannot agree to this contention for the reason that it necessarily rests on the assumption that the burden of securing a hearing on the plea of privilege rested upon appellee, and not on appellant. This is not now the law; but, on the contrary, such burden rests on appellant. Craig v. Pittman & Harrison (Tex. Com. App.) 250 S. W. 667; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Haynie Bros. v. Lea et al. (Tex. Civ. App.) 255 S. W. 506. In the latter case, this court, speaking through Associate Justice Hamilton, said:

"The statute prescribes that the plea of privilege itself, comprehending the substance and conforming to the form prescribed, shall, within its own terms, constitute prima facie proof of the allegations contained in it, and that unless it is contested it shall be granted. The statute does not clothe the contest provided for therein with any qualities beyond those of a mere pleading upon which to base the introduction of proof, although it requires that the controverting plea be verified. This being true, the mere filing of the plea of privilege establishes prima facie its contents without any further proof, and the prima facie case thus made continues to prevail as establishment of the asserted right, unaltered by the filing of a controverting plea until proof is tendered and received to support the latter and overcome the former. In other words, the burden of proof and of procedure is upon the plaintiff, after the contest is filed, to overcome the prima facie right established by the defendant upon the mere filing of the plea, in conformity with the provisions of the statute."

It logically follows that if the failure to carry out the mandatory provision of the statute, in reference to postponement of the hearing of a plea of privilege for a longer period of time than 60 days, resulted in the loss of the right of a trial on said plea upon its merits, the only order that could be entered thereon would be an order sustaining the plea of privilege and transferring the case to the proper county, on the prima facie case made by the filing of said plea, for otherwise we would destroy the evidentiary force the statute gives to the plea of privilege. However, appellee waived whatever right he had to have a judgment entered on such plea in his favor, and insisted upon a hearing of the plea on its merits. We overrule all assign-

ments of error in reference to appellee's having waived his rights under his plea of privilege.

Finding no reversible error, the case is affirmed.

Affirmed.