### WEAVER v. OLIVER et al.   (No. 9080.)

Court of Civil Appeals of Texas.   Galveston.
Feb. 16, 1928.

**1. Appeal and error ⊜⟹919—In reviewing trial court's action in striking defendant's special defenses, appellate court must assume facts set out were true.**

In passing on question as to whether trial court erred in striking out defendant's special defenses on exceptions of plaintiffs, appellate court must assume matters of defense alleged were true.

**2. Principal and surety ⊜⟹16—One of two partners cannot, by agreement with his partner, without creditor's consent, change his liability as principal to surety's liability only.**

One of two partners cannot, by agreement with his copartner, without the creditor's consent, change the character of his liability from that of principal to that of surety so as to entitle him to treatment and protection of a surety.

**3. Partnership ⊜⟹165—Where creditor of partnership agrees with one partner to accept other partner as payor, first partner is discharged from liability.**

Where creditor of partnership contracts with one partner to accept the other as payor of debt due by both partners jointly, and agrees to discharge the first partner from liability, such partner is thereby discharged.

**4. Partnership ⊜⟹311(1)—Creditor is not bound by agreement of partners dissolving partnership that one shall pay all debts, unless he expressly or impliedly assents thereto.**

Creditor is not bound by agreement of partners dissolving partnership that one of the partners shall pay the partnership debts, unless the creditor expressly or by clear implication assents to such change in liability.

Appeal from Jackson County Court; John T. Vance, Judge.

Suit by Mrs. Inez Oliver and husband against J. W. Weaver and another. Judgment for plaintiffs as against defendant named, and he appeals. Reversed and remanded.

Rose & Sample, of Edna, for appellant.

Proctor, Vandenberge, Crain & Mitchell and Guy Mitchell, all of Victoria, for appellees.

LANE, J.   Mrs. Inez Oliver, joined pro forma by her husband, E. Oliver, brought this suit against J. W. Weaver and C. Branch to recover upon a note for the sum of $250 executed by Branch and Weaver as partners and by J. W. Weaver and C. Branch individually.

The plaintiffs alleged the execution and delivery of the note by the parties to Mrs. Inez Oliver; that it was due and unpaid, etc. They alleged further that, since such execution and delivery, C. Branch, one of the

makers of the note, had been adjudged a bankrupt, and had been discharged as such, and that, after such adjudication, had promised plaintiffs to pay the note according to its tenor and effect.

The defendant C. Branch answered by general denial and by specially pleading his discharge in bankruptcy, as alleged by the plaintiffs.

Defendant Weaver excepted to plaintiffs' petition upon the grounds of misjoinder of parties defendant and causes of action, and, answering to the merits, pleaded a general denial, and by special plea alleged that, at the time the note sued on was executed, he and Branch were partners, transacting business under the firm name of Branch & Weaver; that the note sued on was executed for money borrowed by said firm from the plaintiff; that on or about the 12th day of December, 1921, before the note became due, he and C. Branch dissolved partnership, and by an agreement between themselves C. Branch took all properties belonging to said parnership, and assumed and agreed to pay all of the debts owing by said firm, including the note sued on; that by such taking and agreement Branch obligated himself to pay the note and to hold him (Weaver) harmless against the payment of same, and that as between him and Branch he became secondarily liable to pay the note; that, on or about the time the note became due, the exact date not remembered, the plaintiffs were advised and notified of the dissolution of the partnership of Branch & Weaver, of the agreement of Branch to pay the note, and that he was to be held no longer liable for the payment thereof; that thereafter, on or about the 10th day of March, 1922, an agreement was made between plaintiffs and C. Branch, by the terms of which the date of the maturity of the note was, for a valuable consideration, extended one year; that from the time of the last-mentioned agreement, the plaintiffs looked to Branch alone for the payment of the note, and accepted and relied upon Branch for such payment, and agreed to release Weaver from the payment of the same; that, by the extension agreement entered into between plaintiffs and Branch, and a subsequent agreement entered into between said parties on the 20th day of June, 1923, the date of the payment of the note was extended to March 9, 1924; that such extensions were made without the knowledge or consent of Weaver; that, at the time such agreements were made, Branch had property subject to execution sufficient to pay the note, and, had plaintiffs brought suit against Branch upon said note, it could have been collected from Branch; that Branch in fact paid all interest on the note up to the 10th day of March, 1923; that, since the said two extensions of time of payment of the note

were made, and before this suit was brought, Branch became insolvent, and now has no property out of which the indebtedness sued on can be made; that, by reason and by virtue of the premises, plaintiffs have released him (Weaver) from liability upon the note, and are now estopped to collect from him any part of the sum due on the note.

By supplemental petition, the plaintiffs demurred generally to the answer of Weaver; specially excepted to his plea of misjoinder of parties and causes of action upon the grounds that the suit was filed on March 3, 1926, and that Weaver's original answer was filed April 23, 1926, and that no plea of misjoinder was filed or urged until the 20th day of January, 1927, and that same was not filed in due order of pleading and had been waived.

Plaintiffs also excepted to so much of Weaver's answer as set up as a defense the dissolution of the firm of Branch & Weaver, the taking over of the property of the firm by Branch, and his agreement to pay all debts of the firm; and also that part of the answer alleging that the plaintiffs, after being notified of such dissolution and agreement, accepted Branch as sole obligor on the note, and agreed to release Weaver from all liability thereon, and thereafter extended the time of payment of the note for a definite time, and, in fact, all parts setting up special defenses.

The court overruled the general demurrer of the plaintiffs to Weaver's answer, overruled the exception to the plea of misjoinder, and sustained all other exceptions to the answer of Weaver above mentioned; the effect of such rulings being to strike out all defenses pleaded by Weaver, except his plea of general denial.

The case was tried before the court without a jury. The plaintiffs offered in evidence the note sued on, and upon such evidence alone the court rendered judgment for the plaintiffs against Weaver for the sum of $360.45 as principal and interest due on the note, together with 10 per cent. interest per annum thereon from date of judgment, and for $36 as attorney's fees and costs.

The court found that defendant Branch had been discharged as a bankrupt, that no partnership property of Branch & Weaver exists, and, upon such finding, discharged defendant Branch from liability on said note. From the judgment rendered against him, J. W. Weaver has appealed.

[1] The appellant complains of the action of the court in sustaining appellees' exceptions to the defensive matter pleaded by him. In passing on the question as to whether or not the court erred in striking out the several special defenses set up by the defendant Weaver, upon the exceptions of the plaintiffs, we must assume that the matters of defense alleged were true.

[2] We must sustain appellant's complaint. If the matters of defense pleaded by appellant, which were stricken out on exceptions of appellees, were established by proof, they constitute an absolute defense to appellees' suit, and therefore the court erred in sustaining said exceptions. It is well settled, we think, that one of two or more principal debtors cannot, by agreement with his codebtor or debtors, without the consent of the creditor, so change the character of his liability from principal to surety as to entitle him from the creditor to the treatment and protection of a surety for the debt. Watson v. First National Bank of Dallas (Tex. Com. App.) 237 S. W. 1106; A. F. Shapleigh Hardware Co. v. Wells & Chestnut, 90 Tex. 110, 37 S. W. 411; White, Barfoot & Bryant v. Boone, 71 Tex. 712, 12 S. W. 51.

[3] It seems to be settled, however, by the decisions of the courts of Texas, that, if a creditor of a partnership, or of two or more persons jointly, contracts with one of such parties to accept the others as payors of a debt due by said parties jointly, and agrees to discharge said one person from liability for the debt, such person is discharged from any liability to pay the debt. White v. Boone, supra; Watson v. Bank (Tex. Com. App.) 237 S. W. 1106; Long v. Patton, 43 Tex. Civ. App. 11, 93 S. W. 519.

[4] It has been held by some courts that, where one member of a partnership retires from it, agreeing with the others that they should pay the firm debts, the retiring partner, as to creditors with knowledge of such agreement, is a surety only. Gourley v. Tyler (Tex. App.) 15 S. W. 731. The weight of authority, however, supports the rule that the creditor is not bound to recognize such changed relations, unless he expressly or by clear implication assents thereto. Shapleigh Hardware Co. v. Wells, 90 Tex. 110, 37 S. W. 411, 59 Am. St. Rep. 783.

For the reasons pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.