## FITZGERALD et al. v. BROWNING–FERRIS MACH. CO.

### No. 1250.

Court of Civil Appeals of Texas. Waco.
March 31, 1932.

Rehearing Denied May 5, 1932.

490

W. B. Harrell, of Dallas, and Kerr & Gayer, of San Angelo, for appellants.

Leachman & Gardere, of Dallas, for appellee.

GALLAGHER, C. J.

Appellee, Browning-Ferris Machinery Company, a corporation, sued appellants, H. E. Fitzgerald and W. S. Thompson, to recover a balance due on a written contract signed by them for the purchase of certain machinery and for a foreclosure of the lien thereon created by such contract. Castor & Ward Bros., a partnership composed of John H. Castor, B. H. Ward, and R. H. Ward, were made parties defendant, and were alleged to be asserting some claim to said machinery, the nature of which was unknown to appellee. The suit was subsequently discontinued as to said partnership and continued with appellants as sole defendants. Appellants filed pleas of privilege and pleas in abatement. They answered to the merits by general denial and pleas of non est factum and of discharge by reason of material alteration of the instrument sued on. They further alleged that the machinery was purchased by Fitzgerald for a partnership composed of himself and John H. Castor; that Fitzgerald sold his interest therein to said firm of Castor & Ward Bros.; that they assumed the payment of the balance due on said machinery; that appellee had notice of such sale and the terms

thereof, and agreed to accept said firm as principal debtors and to release Fitzgerald. They further alleged that appellee, without appellants' knowledge or consent, entered into a valid agreement with Castor & Ward Bros. extending the time of payment of the balance of such indebtedness, and that they were thereby discharged from all liability therefor.

The case was tried to a jury. Pending such trial, the issues arising on appellants' pleas of privilege were withdrawn from the jury by agreement and submitted to the court for determination. The issues submitted to the jury were numerous. We abridge their findings in response thereto as follows:

(1) Appellee was the owner of the indebtedness sued on and the lien securing the same. Such indebtedness was past due and unpaid, and appellants had failed and refused to pay the same.

(2) Appellants Fitzgerald and Thompson both signed the contract sued on and the same had not been altered.

(3) Appellant Thompson was a joint purchaser of said machinery with Fitzgerald, and the contract at the time Thompson signed it contained a statement that he guaranteed the same along with Fitzgerald. Appellee did not know at the time said contract was executed that the machinery described therein was purchased for a partnership composed of said Fitzgerald and Castor.

(4) Appellee did not agree with Castor & Ward Bros. to extend the time of payment of the balance due on said contract.

(5) Appellee, shortly after the institution of the suit, leased or rented said machinery to Castor & Ward Bros. They paid $500 cash and agreed to pay $500 per month so long as they used said machinery. They took possession of the machinery under such agreement. Such rental agreement was on condition that Castor & Ward Bros. secured a gravel contract from one L. E. Whitman. Such contract was not secured. The reasonable cash value of said machinery at that time was $2,400.

The court overruled appellants' pleas of privilege, and rendered judgment on the verdict of the jury in favor of appellee against both appellants for the balance due on the purchase price of said machinery in the sum of $3,215.62, foreclosing a lien thereon and ordering the same sold and the proceeds applied to the satisfaction of such recovery. Said judgment contained a clause denying appellee all relief not expressly granted therein. Appellants present said judgment to this court for review on various assignments of error.

Opinion.

This court is without jurisdiction to review the judgment of the trial court, un-

less the same is a final one. The issue of jurisdiction is fundamental, and must be considered and determined by the court whether raised by either party to the appeal or not. While such issue has not been formally raised in this case, contention has been made herein incidentally that the judgment appealed from is not final because it does not make any disposition of the firm of Castor & Ward Bros. or their rights, if any, in the premises. Decision of such issue is therefore invoked. Boone v. Anderson (Tex. Civ. App.) 45 S.W.(2d) 629, and authorities there cited; Kosse National Bank v. Derden (Tex. Civ. App.) 36 S.W.(2d) 295, 296, pars. 1 to 4, inclusive, and authorities there cited; St. Louis S. W. Ry. Co. v. Texas Packing Co. (Tex. Civ. App.) 253 S. W. 864, 867, par. 11. Appellee instituted this suit on October 21, 1929, and made Castor & Ward Bros. parties, alleging that they were claiming some interest in the mortgaged property, but that such interest, if any, was inferior to its rights under its lien. Citation for service upon them was duly issued, and they testified that the same had been served upon them. Neither of them entered an appearance in the case. The court, on July 31, 1930, made a docket entry awarding appellee an interlocutory judgment with writ of inquiry against them. No entry of such judgment upon the minutes was made. Appellee thereafter, on August 29, 1930, filed an amended original petition. Castor & Ward Bros. were not named as parties defendant, and no reference was made to them. Appellants thereafter filed a plea in abatement in which they contended that Castor & Ward Bros. had purchased the machinery, assumed the balance of the purchase price due thereon, and that appellee had accepted them as principal debtors, and that appellants thereby were either released or became mere sureties. Based on such allegation, they asked that the suit be dismissed against them because Castor & Ward Bros. were not parties thereto. Trial was begun June 22, 1931, but judgment on the verdict of the jury was not rendered until September 5, 1931. Said judgment, as aforesaid, denied appellee all relief not expressly granted therein. The action of appellee in amending its petition and omitting therefrom the names of Castor & Ward Bros. and all reference to them, and proceeding to trial and final judgment thereon, was tantamount to a dismissal or discontinuance as to said defendants, and the judgment is final, notwithstanding it does not purport to make any disposition of them or their rights, if any, in said machinery. San Antonio & A. P. Ry. Co. v. Mohl (Tex. Civ. App.) 37 S. W. 22 (writ refused); St. Louis S. W. Ry. Co. v. Texas Packing Co., supra, 253 S. W. page 867, par. 12; Brown v. Gorman Home Refinery (Tex. Civ. App.) 276 S. W. 787, 788, par. 3, affirmed Comer v. Brown (Tex. Com. App.) 285 S. W. 307, 308, par. 1; MacLachlan v. Pease, 171 Ill. 527, 49

N. E. 714, 715; Rogers v. Bass & Harbour Co., 47 Okl. 786, 150 P. 706, 708, par. 5; 18 C. J. p. 1205, § 141, and authorities cited in note 97.

█ Appellants contend that the court erred in overruling their respective pleas of privilege, in which they each asked that the case be transferred to Tom Green county for trial. Citations in this case were returnable December 2, 1929. Appellant Thompson filed his plea of privilege on that day. Appellee filed its affidavit controverting said plea on December 6, 1929. Hearing thereon was postponed by mutual consent to some indefinite time in the future, but appellee neglected to have an order to that effect entered of record. On March 7, 1930, appellee amended its controverting affidavit, and on February 23, 1931, filed a trial amendment thereto. Appellee on said date also filed a pleading purporting to be an answer to a motion by appellant Thompson to transfer the case to Tom Green county on his plea of privilege. No such motion appears in the transcript. Appellee alleged in its said answer, in substance, that hearing on said plea of privilege had been postponed from time to time for the convenience of said Thompson or his attorney and by mutual agreement, and that he was estopped to assert that a hearing thereon had been waived or forfeited by appellee. No action by the court at that time is shown in the transcript. Appellant Fitzgerald on March 4, 1931, filed for the first time his plea of privilege, and appellant Thompson amended the plea of privilege theretofore filed by him. Appellee immediately filed a plea controverting appellant Fitzgerald's plea of privilege. It appears, however, that, while appellee's attorney signed an affidavit that the facts alleged in said plea were true, the purported jurat thereto was unsigned. No action on said plea was invoked or had within sixty days after the filing of the same, nor was there an order entered of record continuing the same for future determination. On June 27, 1931, appellee filed a further plea controverting all of appellants' pleas of privilege, which plea was duly verified. Appellee alleged therein that appellants had repeatedly at various times extending from December, 1929, to the time of trial in June, 1931, indicated and agreed that the matter of hearing upon said pleas of privilege might be had at some subsequent time, and that on several occasions the case was set for trial and postponed at the special instance and request of appellants.

Appellee further alleged that said requests for postponement made by appellants and acquiesced in by it contained no reference to the preservation of appellants' rights, if any, under their said pleas of privilege. It further alleged that the delay in having a hearing on said pleas and its affidavits controverting the same had not resulted from any lack of diligence on its part, but was the result of special

requests on the part of appellants, and that they had thereby waived any right to object to a hearing of the issue of venue at that time, and were estopped to insist upon a transfer of the case, regardless of the merits of their said pleas of privilege. Action by the court on the issue of venue seems to have been invoked for the first time on or after said date. The issues of law and fact arising on said several pleas and controverting affidavits aforesaid were submitted to the court. Appellee introduced the written contract signed by appellants, which specifically promised payment of the sum sued for in Dallas. The evidence submitted was sufficient to sustain a finding that Thompson's plea of privilege had been passed from time to time for approximately eighteen months for the accommodation of appellants or their attorney and for the purpose of relieving them of the burden of a trip to Dallas for the sole purpose of a hearing on such plea. The evidence was also sufficient to show that Fitzgerald's plea, filed more than a year after the institution of the suit, had also been passed under like circumstances until the time of such hearing. The court overruled both said pleas of privilege, and such action implies a finding in appellee's favor on said issues of waiver and estoppel.

The proceedings in the court in which this case was tried were regulated by the provisions of article 2092 of our Revised Statutes. Subdivision 14 thereof provides that pleas of privilege shall be filed at or before the time the defendant is required to answer; that contests thereof shall be filed within twenty days thereafter, and that hearing thereon shall not be postponed longer than sixty days after the filing thereof, unless by order of the court entered by agreement of the parties. Appellants base their contention that the court erred in overruling said pleas of privilege on the fact that no hearing was had on either of the same within sixty days after appellee's respective contests thereof were filed, and that no orders continuing such hearings were entered during such period. Such contention is in effect that the entering of such orders of continuance was jurisdictional, and that, notwithstanding the agreement of the parties, it became the duty of the court as a matter of law to transfer the same immediately on the expiration of the sixty-day period. Our Supreme Court has held similar restrictive provisions limiting the time for action by the court in particular proceedings to be merely directory and the enforcement thereof within the discretion of the court. Townes, v. Lattimore, 114 Tex. 511, 272 S. W. 435 et seq.; Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 1083, pars. 7 to 9, 48 A. L. R. 355; Diamond Ice & Cold Storage Co. v. Strube, 115 Tex. 515, 284 S. W. 935, 936; Automobile Underwriters of America v. Radford (Tex. Civ. App.) 293 S. W. 869,

873, par. 9, affirmed Radford v. Automobile Underwriters of America (Tex. Com. App.) 299 S. W. 852; Southern Surety S. Co. v. Edwards (Tex. Civ. App.) 291 S. W. 335, 336. Our courts have held that the specific provision under discussion herein may be waived. Smith v. Realty Trust Co. (Tex. Civ. App.) 285 S. W. 907, par. 1; Sibley v. Sheerin (Tex. Civ. App.) 287 S. W. 58, 59, par. 2. If appellants' contention were correct, they could have demanded that the case be transferred to Tom Green county on Thompson's plea of privilege on or about the 6th of February, 1930. Had they done so, the case would have stood for trial at the next term of the district court of that county. Not having made such demand, the case remained on the docket of the district court at Dallas subject to trial, but such trial was deferred from time to time at their special instance and request for nearly eighteen months. When trial became inevitable, they for the first time invoked the action of the court on their pleas of privilege. We think the implied findings of the court that they had waived the entry of an order within sixty days after the filing of the respective controverting affidavits continuing the same for hearing, and were estopped to assert the failure to enter such order to avoid a trial on the merits of their respective pleas, are amply sustained by the evidence.

Appellants further contend that appellee's plea controverting Fitzgerald's plea of privilege was a nullity because the jurat to the affidavit verifying the same was unsigned. No exception was urged by appellants to said controverting plea because of said defect for nearly ninety days after the same was filed, nor until after appellee had filed an amended controverting plea, duly verified. Such defect in appellee's plea did not render the same a nullity, but it was subject to amendment, and such amendment was timely made before its sufficiency was in any way attacked by appellants. Miller v. Fram (Tex. Civ. App.) 2 S.W.(2d) 1008, 1009, pars. 1 to 3, inclusive; Lillie v. Globe Printing Co. (Tex. Civ. App.) 6 S.W.(2d) 444, par. 1, and authorities there cited; Patterson Produce Co. v. Tombs (Tex. Civ. App.) 14 S.W.(2d) 959, 960, par. 5; Hoffer Oil Corporation v. Brian (Tex. Civ. App.) 38 S.W.(2d) 596, 597, par. 1; E. L. Witt & Sons v. Stith (Tex. Civ. App.) 212 S. W. 673, 674 (second column); Id. (Tex. Civ. App.) 265 S. W. 1076, 1077; Rogers v. Alexander (Tex. Civ. App.) 289 S. W. 1070, 1071, pars. 3 to 5, inclusive; First Nat. Bank v. Southwest Nat. Bank (Tex. Civ. App.) 273 S. W. 951, 955, par. 8; Brown Cracker & Candy Co. v. Jensen (Tex. Civ. App.) 32 S.W.(2d) 227, 231 et seq., pars. 1, 2, and 3. The action of the court in overruling appellants' pleas of privilege did not constitute reversible error.

Appellants present a group of propositions in which they contend that the court, in ren-

dering judgment in favor of appellee against them for the indebtedness sued for, violated the provisions of article 1986 of the Revised Statutes, which are in substance that, except in certain instances not applicable here, no judgment shall be rendered against a party secondarily liable on any contract, unless judgment be also rendered against the party or parties primarily liable. Appellants pleaded that the machinery purchased from appellee was purchased for a partnership composed of H. E. Fitzgerald and John H. Castor; that Fitzgerald had sold his interest therein to a new firm composed of said Castor & Ward Bros.; that they assumed the balance due on the purchase price of such machinery; that notice of such sale was brought home to appellee; that appellee was therefore required to look to Castor & Ward Bros. as the principal or primary debtors, and appellants became mere sureties for such indebtedness; that no judgment could be rendered against them, since no judgment could be rendered against said Castor & Ward Bros., who were not parties to the suit. Appellants further alleged in that connection that appellee had accepted the firm of Castor & Ward Bros. as principal or primary debtors and had released them from liability on the contract sued on. They also pleaded that appellee had entered into a valid and binding agreement with said new firm by which the time for payment of the indebtedness so assumed was extended. There was no testimony introduced under said plea showing that Fitzgerald had sold the machinery to Castor & Ward Bros., nor that they had assumed the balance of the purchase price owed therefor. Neither was there any testimony introduced showing, or tending to show, that appellee had agreed to release appellants from liability therefor. The testimony on the issue of whether appellee agreed with Castor & Ward Bros. to delay suit to enforce the collection of its debt was conflicting. That issue was submitted to the jury and found against appellants. Had appellants shown that they had sold the machinery to Castor & Ward Bros., and that that firm had assumed the balance due on the purchase price therefor, such facts alone would not have invoked the application of the statute relied upon. Appellants could not by agreement between themselves and Castor & Ward Bros. change the character of their liability to appellee from principal to surety so as to entitle them to demand from it the treatment and protection of a surety. A. F. Shapleigh Hardware Co. v. Wells & Chestnut, 90 Tex. 110, 111 et seq., 37 S. W. 411; Watson v. First State Bank (Tex. Com. App.) 237 S. W. 1106, 1107; White, Barefoot & Bryant v. Boone, 71 Tex. 712, 714, 12 S. W. 51; Weaver v. Oliver (Tex. Civ. App.) 3 S. W.(2d) 892, 893, par. 2. Said propositions are overruled.

Appellants present a group of propositions in which they contend that appellee entered into a new and inconsistent contract concerning said machinery with Castor & Ward Bros.; that its contract with them was thereby abandoned, and they were discharged from further liability thereon. Such contention is not supported by any pleading on their part. The only contract between appellee and Castor & Ward Bros. alleged by them was one extending the time of payment of the balance of the purchase price of said machinery. Appellants were, however, permitted to introduce testimony that appellee, at the time it instituted this suit, sued out a writ of sequestration and caused the machinery involved to be seized thereunder. There are circumstances in evidence tending strongly to show that the possession, if any, taken by the officer was merely constructive, and that the machinery remained at a gravel pit, where it had been theretofore used, in the same position and condition as at the time of the levy. Castor & Ward Bros. were in possession thereof, actual or constructive, at the time of such levy. Immediately after the levy, said Castor, acting for said firm, approached appellee and advised it that they expected to secure a large gravel contract from one L. E. Whitman, and in such event would need the use of said machinery in filling the same. He offered for said firm to pay to appellee $500 cash and $500 per month thereafter during the execution of such contract if they did in fact secure the same. Appellee accepted the $500, and said firm resumed possession of the property. They did not secure the contemplated contract, and there is no testimony showing, or tending to show, that they thereafter ever used such machinery for any purpose. The testimony does show affirmatively that it was at the time of trial still in position at the gravel pit where the levy was made. Notwithstanding no such issue was raised by the pleadings, the court submitted and the jury found the facts to be substantially as above set out, as shown by paragraph 5 of our abridgment of the findings of the jury hereinbefore set out. The rule governing the doctrine of merger, or the discharge of a prior contract by a subsequent inconsistent agreement, is stated in 13 C. J. p. 598, § 617, as follows: "Before one contract is merged into another, the last contract must be between the same parties as the first, must embrace the same subject matter and must have been so intended by the parties." See, also, Gibson & Johnson v. Ward (Tex. Civ. App.) 35 S.W. (2d) 824, 825, pars. 1 and 2. The facts above recited do not bring the transaction between appellee and Castor & Ward Bros. within such rule. The effect of the transaction was merely to release for a consideration the levy of the writ of sequestration and to permit Castor & Ward Bros. to continue in posses-

sion and use of the property as before the levy. Appellee did, however, credit the $500 earnest money upon the indebtedness sued for, and appellants thereby received the benefit thereof. The court did not err in holding that appellants were not discharged from liability by reason of said transaction.

Appellants present another group of propositions in which they contend that the facts just before recited constituted a conversion of the machinery by appellee, and that they were entitled to a credit on the indebtedness sued for herein in an amount equal to the value of such machinery. Appellants make no contention that the writ of sequestration was wrongfully issued nor that they were in any way injured by the levy thereof. They did not plead the transaction aforesaid which resulted in the release of such levy, nor did they charge appellee with the conversion of said property. The court did not submit any issue of conversion nor was such submission requested. The court did, however, submit, and the jury found, that the value of the machinery at that time was $2,400, but such finding, standing alone, is wholly insufficient to entitle appellants to a credit on the indebtedness sued for by appellee. The levy of such writ and the almost immediate release of such levy is not shown to have in any way affected appellants' rights. The court did not err in refusing to credit the indebtedness sued for with the value of said machinery as found by the jury.

Appellants present a proposition in which they contend that the court·erred in overruling their plea in abatement; the substance of which plea has been hereinbefore set out. The transcript fails to show that action by the court on said plea was ever invoked or that the court made an order overruling the same. Said plea was therefore waived, and said proposition is overruled.

The judgment of the trial court is affirmed.