Donald L. **STEWART** and Dean A. **Poulter,**
d/b/a Double Dees Enterprises,
Appellants,

v.

**WALTON ENTERPRISES, INC., et al.**
Appellees.

No. 12018.

Court of Civil Appeals of Texas,
Austin.

June 27, 1973.

Rehearing Denied July 18, 1973.

Gordon Gunter, Austin, for appellants.

J. P. Darrouzet, Sneed, Vine, Wilkerson & Selman, Austin, for appellees.

O'QUINN, Justice.

Appellants who are residents of Texas brought this lawsuit for breach of contract and for fraud against a corporation and an individual, both domiciled in Florida, and against an individual whose residence was not determined.

From an adverse ruling of the trial court holding that defendants were not subject to jurisdiction of Texas courts under the Texas Long Arm Statute, plaintiffs below have perfected their appeal.

The determining issue is whether the non-resident defendants complied with Rule 120a, Texas Rules of Civil Procedure, and made a "special appearance," or failed to comply and thereby made a general appearance.

The appellants, Donald L. Stewart and Dean A. Poulter, doing business as Double Dees Enterprises, brought this suit in May of 1972, naming as defendants J. Robert Walton, Jr., Walton Enterprises, Inc., and George Milton, and seeking actual and exemplary damages in excess of $236,500 for alleged breach of a contract to supply appellants with Walt Disney toys for distribution and sale in Texas and for alleged fraud in inducing the making of the contract without intent to perform.

Service of citation upon Walton Enterprises, Inc., and J. Robert Walton, Jr., both domiciled in the State of Florida, was secured by service on the Secretary of State of Texas in compliance with Article 2031b, Vernon's Anno.Tex.Civ.Stats. (Acts 1959, 56th Leg., p. 85, ch. 43).

The Walton corporation and Walton individually each filed a "special appearance to contest the jurisdiction" of the district court, through attorneys practicing in Orlando, Florida, on June 19, 1972. Neither pleading was "made by sworn motion" as required by Rule 120a, Texas Rules of Civil Procedure.

Thereafter, on July 12, 1972, at a hearing in district court to consider plaintiffs' motion to strike "the purported answers of Walton Enterprises, Inc., and J. Robert Walton, Jr.," the named defendants were represented in person by an attorney practicing in Texas, who requested the court to set for hearing the special appearance of defendants. Counsel for plaintiffs urged that defendants' appearance was general and not special, since the pleadings pur-

porting to enter their "special appearance" did not conform to Rule 120a because the pleas were not sworn to.

Subsequently, on August 4, 1972, each of the defendants J. Robert Walton, Jr., and Walton Enterprises, Inc., filed a sworn motion to enter "special appearance to contest the jurisdiction" of the district court. The trial court heard the "special appearance" of these defendants on September 14, 1972, and on the same day entered an order granting the special appearance of each defendant and dismissing the suit as to each of them.

The trial court filed findings of fact and conclusions of law. The facts found by the court were: (1) That in response to newspaper advertisements placed by one George Milton, the plaintiffs and George Milton signed an instrument in September of 1971; (2) thereafter the instrument was sent to Winter Park, Florida, where it was signed by Walton Enterprises, Inc., by J. Robert Walton, Jr., as president; and (3) plaintiffs later sent order forms addressed to Walton Enterprises, Inc., Winter Park, Florida, and in return received certain invoices and merchandise, until plaintiffs ceased sending orders early in 1972.

The conclusions of law filed by the court were that Walton, individually, had no contacts with the State of Texas and was not subject to jurisdiction of Texas courts, and that the corporate defendant did not have sufficient minimum contacts to subject itself to jurisdiction of Texas courts. As to the corporate defendant, the trial court concluded that if Article 2031b, V.A.T.S., "purports to confer jurisdiction on Walton Enterprises, Inc., it is unconstitutional in its application under this set of facts."

Appellants contend under two points of error that (1) defendants Walton individually and the Walton corporation submitted themselves to jurisdiction of the district court by filing unsworn pleadings challenging the court's jurisdiction and by later appearing through counsel in open court, without having first filed a sworn motion to challenge jurisdiction in compliance with Rule 120a; and that (2) these defendants had sufficient contacts with the State of Texas to become amenable to service of process under Article 2031b.

We have concluded that appellants' first contention is valid and should be sustained. We do not therefore reach the second contention of appellants.

A definitive treatment of "appearance to challenge jurisdiction" in Texas is found in the scholarly thesis of Professor E. Wayne Thode, 42 Tex.L.R. 279–342 (1964). As observed by Professor Thode, under Texas statutes prior to 1879 a party appearing for the purpose of contesting jurisdiction did not thereby make a general appearance, and such appearance did "not bind the party to a full appearance in the cause." De Witt v. Monroe, 20 Tex. 289, 293 (1857); 42 Tex.L.R. 293–4, fn. 103.

Three new provisions included in the Revised Statutes of 1879 altered the prior rule on appearances. The most significant of the new sections was Article 1242: "The filing of an answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." Articles 1243 and 1244 provided for general appearance at a subsequent term of court where service was quashed in the trial court, or in event of reversal on appeal for defect in service. These statutes were considered by the Supreme Court of Texas in York v. State, 73 Tex. 651, 11 S.W. 869 (1889), in which the Court held in effect that special appearance in Texas courts had been abolished by Articles 1242, 1243, and 1244 of the 1879 Code. The judgment was affirmed by the Supreme Court of the United States over York's contention that he had been denied due process. York v. Texas, 137 U.S. 15, 11 S.Ct. 9, 34 L.Ed. 604 (1890).

When, in 1941, the Supreme Court of Texas promulgated the Texas Rules of Civil Procedure, the three articles appear-

ing for the first time in the Revised Statutes of 1879 (Articles 1242, 1243, and 1244) were carried over without change, in any respect material to issues in this case, as Rules 121, 122, and 123. (42 Tex.L.R. 296, fn. 114) The Texas Long Arm Statute (Art. 2031b, V.A.T.S.), enacted by the Legislature in 1959, "added to the already sour mash of York v. State," was an ingredient that helped to create "the ferment out of which rule 120a emerged" in 1962. (See Thode: 42 Tex.L.R. 310)

York v. State is still the law in Texas, but Rule 120a authorizes a means by which a defendant may make a special appearance to contest jurisdiction of the court without becoming bound to a full appearance in the case. The Rule provides that notwithstanding Rules 121, 122, and 123, which rules in their earlier cloak as statutes were the basis for the decision in York v. State, ". . . a special appearance may be made . . . in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State."

The Rule prescribes how the appearance may be made: "Such special appearance *shall be made by sworn motion filed prior to plea of privilege or any other plea, pleading or motion . . .*" The Rule further provides that, *"Every appearance,* prior to judgment, *not in compliance with this rule is a general appearance."* (Emphasis supplied)

A defendant seeking to make a special appearance to challenge the jurisdiction of a Texas court must follow strictly the means provided by Rule 120a to avoid making a general appearance. See 23 Sw.L.J. 177 (1969). The appearances made by Walton Enterprises, Inc., and J. Robert Walton, Jr., by their unsworn written pleas to the jurisdiction and by personal appearance of their counsel in open court in connection with such pleas, were not in conformity with the procedure afforded by Rule 120a for making special appearance and therefore constituted general appearances. Austin Rankin Corporation v. Cadillac Pool Corporation, 421 S.W.2d 733, 734 (Tex.Civ.App. Beaumont 1967, no writ).

Although the Texas Rules of Civil Procedure are to be given a liberal construction to the end that the proper objectives of the Rules are attained (Rule 1, T. R.C.P.), no Rule is to be construed to extend or limit the jurisdiction of the courts of this state. (Rule 816, T.R.C.P.) Oates v. Blackburn, 430 S.W.2d 400, 403 (Tex. Civ.App. Houston 14th 1968, writ ref. n. r. e.).

The judgment of the trial court granting special appearances to Walton Enterprises, Inc., and J. Robert Walton, Jr., and dismissing the case as to each of these defendants, is reversed, and the cause is remanded for trial.

Judgment reversed and cause remanded.

Reversed and remanded.