Monte M. DENNETT and Jim G. Bray, Appellants,

v.

FIRST CONTINENTAL INVESTMENT CORPORATION, Appellee.

No. 19278.

Court of Civil Appeals of Texas, Dallas.

Oct. 24, 1977.

R. W. (Bill) Glenn, Glenn & Houser, Plano, for appellants.

Craig Spangenberg, Cleveland, Ohio, for appellee.

ROBERTSON, Justice.

Monte M. Dennett and Jim G. Bray, defendants in a suit in a district court of Dallas County, filed a third-party action against First Continental Investment Corporation for indemnification of losses sustained via liability in the primary suit. First Continental, an Ohio corporation, filed a special appearance to contest the court's jurisdiction of its person. The contest was opposed on the basis that the motion was unsworn and that it was filed by the corporate president instead of an attorney. After allowing an amendment inserting the proper jurat, the trial court sustained the special appearance. The third-party action was then severed, and Dennett and Bray appealed. We affirm.

As their initial argument, Dennett and Bray urge that an unsworn special appearance motion cannot be amended and that the submission of such a defective motion resulted in a general appearance. This was the holding in *Stewart v. Walton Enterprises, Inc.*, 496 S.W.2d 956 (Tex.Civ.App. —Austin 1973, writ ref'd n. r. e.), upon which Dennett and Bray primarily rely. However, since the rendition of *Stewart*, rule 120a of the Texas Rules of Civil Procedure has been amended to provide, in applicable part:

Such special appearance shall be made by sworn motion filed prior to a plea of privilege or any other plea, pleading or motion; . . . *and may be amended to cure defects.* [Emphasis added]

Since this amendment supersedes the holding of *Stewart,* we must hold that a special appearance motion may be amended to cure defects.

Although Dennett and Bray argue that such an amendment must be made prior to the special appearance hearing, we find no basis for such a limitation in the language of the rule. While they analogize this case to *Fitzgerald v. Browning-Ferris Mach. Co.,*

49 S.W.2d 489, 492 (Tex.Civ.App.—Waco 1932, writ dism'd), which seems to hold that an unsworn controverting affidavit to a plea of privilege was not a nullity because it was amended prior to the time it was attacked by the opponent, a closer examination of that case and other authorities reveals that the time of the amendment was not material to the holding. *See e. g., Duncan v. Denton County,* 133 S.W.2d 197, 198 (Tex.Civ.App.—Fort Worth 1939, writ dism'd) (unsworn controverting affidavit may be amended even after an objection to its insufficiency had been made); *Hoffer Oil Corp. v. Brian,* 38 S.W.2d 596 (Tex.Civ. App.—Eastland 1931, no writ) (Trial court's allowance of amendment to controverting plea on date of hearing held not an abuse of discretion.) Accordingly, we hold that in special appearances, as in affidavits controverting pleas of privilege, the crucial focus is on the *allowance* of amendment, and the *timing* of the amendment is not determinative.

■ As their next contention, Dennett and Bray urge that the filing of the special appearance motion by the corporate president, rather than an attorney, resulted in a general appearance. This argument is based upon *Globe Leasing, Inc. v. Engine Supply and Machine Service,* 437 S.W.2d 43 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ), which held that corporations may not appear in Texas courts by their officers who are not attorneys. Even assuming the viability of this doctrine, however, the record before us demonstrates the involvement of counsel at the time the motion was filed. The motion was prepared and notarized by counsel, and the same attorney appeared to represent the corporation at the hearing. No objection to the special appearance by First Continental was made until after the trial court had recognized that First Continental was represented by counsel. Under these circumstances, we are not convinced that the mere signature of the corporate president on the motion instead of that of an attorney rendered the motion a nullity.

■ Lastly, Dennett and Bray argue that the trial court erred in finding that First Continental did not engage in business in Texas so as to justify assertion of jurisdiction over its person. In support of this contention, Dennett and Bray note that First Continental engaged in contract negotiations in Texas, which negotiations ultimately culminated in the contract which forms the basis of this suit. They submit that these negotiations are a sufficient basis for personal jurisdiction. We do not agree. Assumption of personal jurisdiction over a non-resident defendant must be in accord with the constitutional guarantee of due process of law, and in order to satisfy this requirement, the defendant must have purposefully done some act or consummated some transaction in Texas, and the assertion of jurisdiction by the Texas Court must not offend traditional standards of fair play and substantial justice. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *U–Anchore Advertising, Inc. v. Burt,* 553 S.W.2d 760, 762–63 (Tex.1977); *See Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). As stated in *Hanson v. Denckla, supra* at 253, 78 S.Ct. at 1240:

> [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, this invoking the benefits and protections of its law.

In the present case, the contacts of First Continental with Texas are minimal and fortuitous, and it cannot be said that activities were "purposefully" conducted in Texas. The contract negotiations were not grounded upon any expectation or necessity of invoking the benefits or protections of Texas law, nor were they designed to result in profit from a business transaction undertaken in Texas. No contract was consummated in this state, and no part of the contract was to be performed here. Under these circumstances, the due process clause of the Fourteenth Amendment barred the trial court from assuming personal jurisdiction over First Continental. Accordingly,

the special appearance was properly sustained.

Affirmed.