## LILLIE v. GLOBE PRINTING CO.
### (No. 7215.)

Court of Civil Appeals of Texas. Austin.

April 25, 1928.

1. Pleading ⬤⟶256—Plea of privilege may be amended as any other plea (Vernon's Ann. Civ. St. 1925, art. 2007).

Under Vernon's Ann. Civ. St. 1925, art. 2007, a plea of privilege may be amended as any other plea.

2. Pleading ⬤⟶104(2)—Averment in plea of privilege that defendant "now resides in county of W." held sufficient statement of county of defendant's residence (Vernon's Ann. Civ. St. 1925, art. 2007).

Plea of privilege averring that defendant "now resides in the county of W." *held* to state county of defendant's residence "at time of such plea," within Vernon's Ann. Civ. St. 1925, art. 2007; it not being required that place of residence be given at date of filing plea, but merely at time plea was verified.

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Action by the Globe Printing Company against Tom W. Lillie, wherein defendant filed a plea of privilege. From an order overruling the plea, defendant appeals. Order set aside, and cause remanded, with instructions.

Gordon Gibson, of Laredo, for appellant.

Watson & Chapin, of San Antonio, for appellee.

McCLENDON, C. J. Appeal from an order overruling a plea of privilege seeking to change the venue to Webb county, where defendant resided.

Appellee's brief urges two grounds in support of the trial court's order overruling the plea. These are the following, and are overruled:

[1] The trial court permitted an amended plea to be filed, and it is urged that under the present statute (Vernon's Ann. Civ. St. 1925, art. 2007) this practice is not allowable. Under prior statutes it was uniformly held that a plea of privilege might be amended as any other plea. This rule has been applied under the present statute. Cobb v. Burt Co. (Tex. Civ. App.) 241 S. W. 185; Miller v. Fram (Tex. Civ. App.) 2 S.W.(2d) 1008.

[2] The second ground is stated in the following quotation from appellee's brief:

"The plea of privilege, not 'stating the county of his residence at the time of such plea,' is not such plea as when filed shall be prima facie proof of defendant's right to change of venue."

The plea was verified in Webb county, and avers that defendant "now resides * * * in the county of Webb, and the state of Texas." This averment is sufficient as against the objection urged. Pool v. Pierce (Tex. Civ. App.) 209 S. W. 706; Slaughter v. Slaughter (Tex. Civ. App.) 284 S. W. 350.

The purpose of article 2007 in requiring defendant to "state the county of his residence at the time of such plea" was to afford the plaintiff "a better writ." It is to be noted that the article does not require that place of residence be given at the date of filing the plea, but "at the time of such plea." This means at the time the plea is verified. Manifestly, unless the affidavit were made either simultaneously with or subsequently to filing the plea, the defendant could not aver the place of his residence at that time; but, even if the language had been "at the time of filing such plea," we would give it the same construction. It will be presumed that the Legislature did not intend to require the impossible, or that the defendant should be put to the useless expense and trouble of going to the office of the clerk of the court in which the suit was brought to verify his plea. One of the purposes of the statute was to avoid trouble and expense to a defendant in preserving his right in a proper case to be sued in the county of his residence.

The order appealed from is set aside, and the cause remanded, with instructions to the trial court to enter an order transferring it to the district court of Webb county.

Reversed and remanded with instructions.

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes