## PATTERSON PRODUCE CO. v. TOMBS.
### (No. 7327.)

Court of Civil Appeals of Texas. Austin.
Feb. 15, 1929.

Wilson & Biggers and Roy W. McDonald, all of Dallas, for plaintiff in error.

BAUGH, J. We shall designate the parties as in the lower court—O. A. Tombs as plaintiff and Patterson Produce Company, a partnership composed of A. B. Patterson, Sr., and A. B. Patterson, Jr., as defendants.

Plaintiff sued defendants in the justice court of precinct No. 2, San Saba county, Tex. Defendants filed their plea of privilege on February 9, 1928, to be sued in Dallas county, the place of their residence. Plaintiff filed what is designated a controverting plea on the following day. The record fails to show that defendant's plea of privilege was ever set down for hearing, or that either defendant was ever served with a copy of the controverting plea. The docket entry of the justice court, as shown by the transcript sent to the county court upon appeal thereto by the defendants, shows the following: "March 12, 1928. Deft. Plea of Privilege Overruled. Judgment for plaintiff." This is the only judgment shown in the justice court. Upon appeal to the county court, that court, upon motion made by the plaintiff, Tombs, entered the following judgment: "And this court finds that the trial court did not err in the disposition of said cause and the judgment of said court is affirmed in all things." From that proceeding the defendant has prosecuted this writ of error.

Several questions are raised as constituting fundamental error. We are confronted at the outset with the question as to whether or not the county court had any jurisdiction over this case under facts disclosed by the record. Only a final judgment in the justice court can be appealed from. Article 2454, R. S. 1925. The above-quoted entry on the justice court docket, in the absence of any further showing, does not constitute a final judgment. Roberts v. Landrum's Ex'r, 20 Tex. 476; 33 C. J. 1202. Under the facts as disclosed by this record, therefore, the county court should have dismissed the appeal. Since, however, we must reverse and remand the case, we deem it proper to discuss the other questions raised. The judgment as entered by the county court was wholly erroneous. On appeal from the justice to the county court, the trial must be de novo, and the county court has no jurisdiction to merely review the action of the justice court. Article 2178, R. S. 1925; Crutcher v. Wolfe (Tex. Civ. App.) 269 S. W. 841; McCaskill v. Clay (Tex. Civ. App.) 284 S. W. 643.

An examination of the record discloses that neither the purported plea of privilege filed by the defendants nor the controverting affidavit filed by the plaintiff is legally sufficient. The plea of privilege is insufficient, for the reason that the defendants merely allege that they reside in Dallas county, without indicating in what justice court precinct they reside, or that in such precinct there is a justice court qualified to try the case. That is, had the justice court of San Saba county granted their plea, there was nothing to inform him what justice court the case should go to in Dallas county.

The controverting affidavit is insufficient, for the reason that it nowhere states that the contract sued upon, alleged to have been performable in San Saba county, was a contract *in writing*, a necessary element to sustain venue in San Saba county. Article 1995, subd. 5, R. S. 1925.

It is now settled, however, that a plea of privilege may be amended as any other plea, and we see no reason why such amendment to the plea or to the controverting affidavit might not be made in the county court upon appeal, provided that court has jurisdiction of the appeal, a matter yet to be determined. Lillie v. Globe Printing Co. (Tex. Civ. App.) 6 S.W.(2d) 444.

Under the circumstances, therefore, and the holdings in Perry v. Greer, 110 Tex. 549, 221 S. W. 931, and Myers v. Woodruff (Tex. Civ. App.) 277 S. W. 800, we reverse and remand the judgment of the county court with instructions to that court that, unless it is shown that a final judgment was rendered herein in the justice court of precinct No. 2, the appeal to that court be dismissed. And, if it be made to appear that final judgment was so rendered, then that the venue question be determined in accordance with such pleadings as may be filed; or, if no further pleadings be filed, then that the case be heard upon its merits.

Reversed and remanded, with instructions.

On rehearing. Petition denied.
For original opinion, see 13 S.W.(2d) 795.