## MUELLER–HUBER GRAIN CO. v. HEID BROS., Inc.

### No. 2796.

Court of Civil Appeals of Texas. El Paso. March 2, 1933.

Rehearing Denied March 30, 1933.

W. C. Jackson, of Fort Stockton, and Douglas & Black, of San Antonio, for appellant.

J. U. Sweeney and J. E. Quaid, both of El Paso, for appellee.

HIGGINS, Justice.

Appellee brought this suit in the justice court of Pecos county against the members of the partnership of Mueller-Huber Grain Company. Defendant filed plea of privilege to be sued in Bexar county. The plea is in statutory form, but failed to state the justice precinct of Bexar county in which defendants resided. Controverting affidavit was filed and date set for hearing the plea. Upon the date set for the hearing, the justice of the peace sustained an exception to the plea of privilege, overruled the plea, and judgment upon the merits was rendered against defendants, who appealed to the county court. In the latter court, defendant filed amended plea of privilege in statutory form, and asked that the suit be transferred to justice court precinct No. 1 of Bexar county.

To the amended plea exceptions were sustained and the plea overruled.

In this ruling the court erred. A plea of privilege is amendable as any other plea. Lillie v. Globe Printing Co. (Tex. Civ. App.) 6 S.W.(2d) 444; Cobb v. H. C. Burt & Co. (Tex. Civ. App.) 241 S. W. 185.

It is amendable in the county court. Patterson Produce Co. v. Tombs (Tex. Civ. App.) 14 S.W.(2d) 959.

There is no issue of waiver presented by the defendant's failure to first appeal from the order of the justice court overruling the plea of privilege.

The trial in that court, upon the merits, followed immediately after the plea was overruled. Under such circumstances, a waiver of the plea is not to be implied. Smith Bros. Grain Co. v. Windsor & Stanley (Tex. Com. App.) 255 S. W. 158; Martin v. McKean & McNeal (Tex. Com. App.) 257 S. W. 241.

It has been held that in a suit in the justice court a plea of privilege is defective unless it shows the precinct residence of the defendant in the county in which he resides. Leventhal v. Hollamon (Tex. Civ. App.) 165 S. W. 6; Hume v. Devenport (Tex. Civ. App.) 52 S.W.(2d) 539; Patterson Produce Co. v. Tombs, supra.

We doubt the correctness of such rulings because article 2007, R. S., prescribes the requisites of a plea of privilege, and says that a plea in the prescribed form shall be prima facie proof of defendant's right to change of venue. The statute makes no distinction between the requisites of such a plea in the different courts.

But in any event the plea was amendable and was amended in the county court so as to meet any possible defect in the particular indicated.

Upon the views expressed, it follows that none of the reasons urged by appellee in support of the overruling order are well taken.

Reversed and remanded for trial of the plea of privilege upon its merits. Hayes v. Penney, 215 S. W. 271.