## SITTON v. CYRUS W. SCOTT MFG. CO.
### No. 2915.

Court of Civil Appeals of Texas. El Paso.
Jan. 4, 1934.

J. D. Kugle, of Dallas, for appellant.

Fred J. Dudley & Associates, of Dallas, for appellee.

HIGGINS, Justice.

This suit originated in a justice court of Dallas county. It was brought by appellee against appellant upon certain notes. The defendant filed plea of privilege in the form prescribed by the statute claiming the right to be sued in Ward county where he resided.

Appellee excepted generally to the plea and specially upon the ground that it did not allege there was an elected and qualified justice of the peace or an acting justice of the peace in Ward county qualified to try the cause. The exceptions were sustained and judgment rendered against appellant upon the merits. In due time, the cause was by certiorari removed to county court at law, No. 2, of Dallas county. There appellant filed an amended plea of privilege in the statutory form and additional averments meeting the supposed defects in the original plea as pointed out in said special exception. In the county court at law the same exceptions were sustained to the amended plea. Thereupon judgment upon the merits was again rendered against the defendant from which he appeals. No affidavit was filed either in the justice court or county court at law controverting the plea of privilege.

This court has heretofore expressed its doubt as to the correctness of certain decisions holding that in justice court cases a plea of privilege, in the form prescribed by statute, is defective unless it contains additional averments showing the precinct residence in the county where the defendant resides. Mueller-Huber Grain Co. v. Heid Bros. (Tex. Civ. App.) 58 S.W.(2d) 198.

But it is not necessary to here rule in conflict with those cases for it is settled that defective pleas of privilege are amendable in the county court upon appeal from a justice court. Mueller-Huber Grain Co. v. Heid Bros., supra; Lillie v. Globe Printing Co. (Tex. Civ. App.) 6 S.W.(2d) 444; Cobb v. H. C. Burt & Co. (Tex. Civ. App.) 241 S. W. 185.

The plea in this case was amended in the county court at law and was in no wise demurrable. The court erred in sustaining the exceptions thereto.

Reversed and judgment here rendered ordering the venue changed to justice court of precinct No. 4, Ward county, Tex., presided over by Hon. E. J. Beckham, Pyote, Tex.