**JONES et al. v. FORD et al.**

No. 13751.

Court of Civil Appeals of Texas. Fort Worth.

April 22, 1938.

Rehearing Denied June 24, 1938.

Clark & Stegall, of Fort Worth, for appellants.

James B. Henderson, Edwin T. Phillips, Jr., and Phillips, Trammell, Estes, Edwards & Orn, all of Fort Worth, for appellees.

SPEER, Justice.

Plaintiffs, Emma Jones and others, sued defendants, W. S. Ford and Roy L. Fisher, in the 67th District Court of Tarrant County, Texas, on May 21st, 1937, to cancel a deed conveying lands in Marion County, Texas, alleging that the defendants resided in the latter county, but that the deed sought to be canceled was procured by fraud and misrepresentations perpetrated and made in Tarrant County, Texas; it was claimed the deed had been recorded in Marion County and cast a cloud upon their title, and they prayed for a decree canceling the purported conveyance, "and that all claims of said defendants to any and all of said tracts of land above described, be cancelled and for naught held, and that the title in and to said lands be vested in plaintiffs according to their share ·under the laws of descent and distribution of the State of Texas, and for their damages against the said defendants," and for general and special relief.

Defendants timely filed their pleas of privilege to be sued in Marion County. Within the time prescribed by statute the plaintiffs filed their controverting affidavit, in which it was alleged the action was one to cancel and annul certain , leases, assignments and deeds to certain lands in Marion County, Texas, "as shown by plaintiffs' petition which is attached hereto and marked Exhibit 'A' and made a part hereof for all purposes." The controverting plea further stated that the relief sought was based upon the grounds of fraud perpetrated by defendants in Tarrant County, and that said suit comes within exception 7 of Article 1995, Rev. Civ.St., Vernon's Ann.Civ.St. art. 1995, subd. 7, and that "plaintiffs claim and

seek only to cancel, annul and set aside said instruments." A copy of the original petition was attached to the controverting answer as alleged.

On May 21st, 1937, about a month after the plea of privilege and controverting affidavit were filed, the plaintiffs, with leave of court, filed an amended petition, in which they alleged their cause of action in substantially the same language as that used in the original petition, in so far as it charged a fraud in the procurement of the deeds and leases, but omitted the original allegation that said wrongful acts cast a cloud upon their titles and prayed for the cancellation of the instruments, omitting therefrom the relief sought in the original, which prayer was for removal of the cloud from title and divesting out of defendants and vesting in plaintiffs the title to the lands described.

On July 13th, 1937, the venue issues were tried to the court. Judgment was entered sustaining the plea of privilege and the cause ordered transferred to the district court of Marion County, Texas. The appeal is from that judgment.

No transcribed statement of facts proved, is before us, but the trial court filed his findings of fact and conclusions of law based thereon. No objection is made to the facts found; appellants (plaintiffs below) attack the conclusions of law found by the court, upon which the decree was entered.

The fact findings by the court relating to the controversy were substantially as follows: The plaintiffs (appellants) were the owners of the real estate described in their pleadings, prior to the time of the wrongs complained of; that on about May 15th, 1936, defendants (appellees), in Tarrant County, Texas, by fraud, deceit and misrepresentation, procured from plaintiffs the leases and deed sought to be canceled. It was further found as a fact that the original petition of appellants contained allegations that the instruments had been placed of record in Marion County, and cast a cloud upon plaintiffs' title, and that prayer was for the cancellation of instruments and the removal of the cloud; that the controverting affidavit made the petition a part thereof, and, among other things, stated: "Plaintiffs claim and seek only to cancel and annul and set aside said instruments." That after the filing of the plea of privi-

lege and controverting plea, plaintiffs filed their amended petition, by which they only sought a cancellation and rescission of said instruments, with general and special relief, both in law and equity, including costs, and omitted from their amended pleadings any prayer for removal of the cloud, divestment of title out of defendants and investment in them.

The conclusions of law filed by the court, upon which judgment sustaining the plea was entered reads: "From and under the foregoing findings of fact, the court concluded and found as a matter of law that subdivision 7 of Article 1995 (Vernon's Ann.Civ.St. art. 1995, subd. 7) did not apply in this case, but that subdivision 14 of Article 1995 applied and that said plea of privilege should be sustained, which was accordingly done by the judgment and order heretofore entered on said plea of privilege."

Subdivision 7 of the general venue statutes, Article 1995, R.C.S. (Vernon's Ann. Civ.St. art. 1995 subd. 7) reads: "7. Fraud and defalcation.—In all cases of fraud and defalcation * * * suit may be brought in the county in which the fraud was committed or defalcation occurred or where the defendant has his domicile."

Subdivision 14 of the same venue statute reads: "14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

There can be no serious doubt that appellants' action as disclosed by their original petition, is one coming under the provisions of subdivision 14 of Article 1995. They do not deny this; in fact, with commendable frankness upon the part of their counsel, it is admitted that the amended pleading was filed for the purpose of avoiding that contingency. They contend that by the subsequent amendment, the former pleadings were abandoned and were superseded for all purposes. They cite Article 2001, R.C.S., and cases construing that article. As a general rule, their contention is sound, but we do not believe the amendment filed in the main suit on its merits, and not designed as an amendment to the pleadings in the venue question, as well as the original action, will serve that purpose. We are cited to the case of People's National Bank v.

Montgomery, Tex.Civ.App., 37 S.W.2d 1111, as supporting the contention. That was a suit for specific performance of a contract to convey land, as disclosed by reference to a companion case, Montgomery v. Owen, 37 S.W.2d 1107, in which the amended pleading was by reference made a part of the controverting affidavit. The court there held that a party's right to amend his pleadings under Article 2001, R.C.S., was in no wise impaired because a plea of privilege had been interposed by an adversary based upon the original pleadings. With respect to pleas of privilege and controverting affidavits, it was there said (page 1112): "The right to amend pleas of privilege and controverting affidavits may be exercised by the parties filing same under said article 2001; same being pleadings of the parties." The correctness of the rule there announced cannot be successfully assailed. But as we understand the amendment filed in the case before us, it was not designated nor intended as an amendment to the pleadings in the venue issue; its effect was limited to a substitution of the original petition in the main suit.

Appellant calls our attention to the case of Witt & Sons v. Stith, Tex.Civ.App., 265 S.W. 1076, as one in which the amended petition was substituted for the original that had been plead in connection with a controverting affidavit. But in that case the amendment was designated by the pleader as (page 1077) "Plaintiff's Second Amended Original Petition and First Amended Controverting Affidavit." In the case at bar, the amendment does not indicate that any intention was manifest to amend the controverting affidavit, and it therefore stood for trial on the pleadings made, that is, relying upon the attached original petition. This petition, as we have indicated, clearly shows the venue of the cause of action was controlled by subdivision 14 of Article 1995.

■ That the plea of privilege, as well as the controverting affidavit, can be amended, admits of no adverse argument; a few of the cases in which the rule is recognized are: Miller v. Fram, Tex. Civ.App., 2 S.W.2d 1008; Lillie v. Globe Printing Co., Tex.Civ.App., 6 S.W.2d 444; Patterson Produce Co. v. Tombs, Tex. Civ.App., 14 S.W.2d 959; Mueller-Huber Grain Co. v. Heid Bros., Tex.Civ.App., 58 S.W.2d 198; but since there is no contention here that the controverting affi-

davit in this case was amended, except by implication that an amendment of the original petition in the suit had the effect of automatically amending the controverting plea, it becomes unnecessary to further discuss that phase of the controversy.

Appellants also insist that even though their controverting plea be not considered as amended, venue would still be controlled by section 7 of Article 1995, Vernon's Ann.Civ.St. art. 1995, subd. 7. In support of this contention, they rely upon the case of Lehmberg v. Biberstein, 51 Tex. 457. The facts in that case are not fully disclosed by the opinion, but it would appear that the issue there was the validity of a certain deed given by an insolvent, alleged to be in fraud of his creditors. The issue was raised by the latter. The land covered by the deed was situated in a county other than the one in which the action was brought. The court held the suit was properly maintained in the county where the defendant resided, and not in the county where the land was situated. We do not consider that case analogous to the one before us.

It would unnecessarily extend this opinion to discuss the many cases cited by appellants, but we have studied them carefully and do not think they add anything to their contention that the amended petition filed in the case automatically amended the controverting affidavit, which, as filed, depended upon the attached petition for its allegation of facts. We think the controverting plea was not amended.

■ By Article 2007, R.C.S. provisions are made for a defendant residing out of the county in which suit is instituted, to claim his privilege to be sued in the county of his domicile; and by the same article conditions are set out which will entitle the plaintiff to controvert the defendant's plea. When these provisions have been complied with, a preliminary or incidental issue to that made by the suit on its merits, is raised.

■ When the issue of venue is made in the manner prescribed, it becomes necessary for the trial court to set the cause down for a hearing on that point alone, and it may be said that in one sense, the plea of privilege and the controverting affidavit become the pleadings of the respective parties, with the burden of proof resting upon the plaintiff to overcome the

prima facie case made by defendant for removal of the cause when he files his plea.

What we have above said is better expressed by the Commission of Appeals, speaking through Judge Taylor, in the case of Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, where it is said (page 677): "Distinction should be noted at the outset between a trial upon a plea of privilege and a trial upon the merits of a case. The former is to determine whether the complaining defendant is suable on the transaction involved, where plaintiff filed the suit; the latter to determine defendant's liability on the transaction. * * * It does not contemplate that on a hearing on plea of privilege any matters shall be tried other than such as are necessary to determine whether defendant is suable where the suit is filed. Article 2007, R.S., provides that, if plaintiff desires to resist the plea of privilege, he shall file a controverting plea under oath, setting out specifically the facts 'relied upon to *confer venue* of such cause on the court where the case is pending.' (Italics ours.) The issue of venue, not liability, is thereby raised, when the affidavit is filed."

 If the controverting affidavit filed in this case is to be considered without reference to the original petition, which was made a part of it by a proper reference thereto, the controverting plea would be insufficient to form the basis of proof that a fraud had been perpetrated in Tarrant County, but it has been many times held that such a reference to the petition as was made here is sufficient to constitute *it* a part of that plea. Lay v. Gould, Tex.Civ.App., 82 S.W.2d 1081, and authorities cited. It is equivalent to a repetition in the controverting plea of the facts plead in the instrument referred to and made a part thereof, and when it appears in. the transcript, even though later amended and superseded in the main suit, without reference to the "pleadings" in the venue issue, it remains a part of that controverting plea.

It is contended by appellees here that although appellants were authorized to make the original petition a part of the controverting plea, when appellants abandoned that pleading by filing an amended petition, the former pleading was nullified for any and all purposes, even as a part of the controverting affidavit; that with the original petition going out of the case, as it is sometimes expressed, the appellants were left without a controverting affidavit sufficient to rebut the plea of privilege. Supporting this theory, we are cited to the case of Shafer v. Swift, Tex.Civ.App., 256 S.W. 309. We do not think that authority supports the contention. That opinion is not very definite as to whether or not the amended pleadings were made a part of the controverting affidavit, but it was held that the sufficiency of the controverting plea was dependent upon allegations made in those original pleadings; neither of the pleadings referred to were before the appellate court in any form. The court said because these pleadings were not before it (page 311) "We cannot determine if a sufficient allegation of fraud was made."

By the findings of fact filed by the trial court, we are confronted with a situation which brings the case under both sections 7 and 14 of Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subds. 7, 14. That is, appellants' cause of action was based upon a fraud perpetrated in Tarrant County, which conferred venue there, and also that the action was one involving recovery and damages to land or to remove an incumbrance therefrom, or to quiet the title to land, which would bring it within section 14 above, and require the transfer of the case to Marion County, where the land is situated. In such circumstances, it became the duty of the trial court to sustain the plea of privilege and transfer it, as was done. Section 14 of Article 1995 is not considered a jurisdictional provision, yet because of its wording, it is mandatory and will control over other sections of that article not so worded. Norvell v. Stovall, Tex.Civ.App., 95 S.W. 2d 1313, and cases there cited.

 We think the trial court properly construed appellants' petition as contained in their controverting plea, to be one which directly involves the title to land situated in Marion County, Texas. When the deed, allegedly procured by fraud, was placed of record in Marion County, appellants' title was clouded as alleged by them; it became an incumbrance upon their title; they alleged it was such as to prevent, hinder and delay sales and leases of it. Their suit is to cancel the deeds and leases and for general relief both in law and equity. The cancellation of such instruments by a court of competent ju-

338

risdiction would have the legal effect to remove the cloud and incumbrance from the title to their lands. This could be decreed by the court·under the prayer for general relief, whether there was a specific prayer therefor or not. These observations are supported by an opinion written by Justice Martin, then of the Amarillo Court, in Great Southern Life Ins. Co. v. Williams, Tex.Civ.App., 77 S.W.2d 900.

The single assignment of error presented by appellants challenging the action of the trial court in holding the case fell within section 14 and was not controlled by section 7, Article 1995, and in sustaining the plea of privilege on that ground, must be overruled for the reasons herein set out.

The judgment of the trial court sustaining the plea of privilege and ordering the cause transferred to the District Court of Marion County, Texas, is therefore affirmed.