**STEAMASTER AUTOMATIC BOILER CO. v. CLEVELAND.**

No. 3763.

Court of Civil Appeals of Texas. Beaumont.

Dec. 26, 1940.

Rehearing Denied Jan. 8, 1941.

Cofer & Cofer and Walter Greig, all of Austin, for appellant.

Harris & Harris, of Austin, for appellee.

WALKER, Chief Justice.

This suit was filed in County Court of Travis County on the 13th day of September, 1939, by appellee A. P. Cleveland, "complaining of Steamaster Automatic Boiler Company, successor by change of corporate name of Master Steam Equipment Company: the Steamaster Automatic Boiler being a foreign corporation, incorporated under the laws of the State of California, with L. F. Shaver, of 525 South Irving Street, Dallas, Texas, Dallas County, its agent and representative, upon whom service may be had, styled herein as Defendant." For cause of action appellee alleged "that on or about the 18th day of November, 1938, Plaintiff ordered from and purchased of Defendant and its successor, one (1) Ten (10) H. P. Steamaster Automatic Boiler, for the purchase price of Four Hundred Fourteen Dollars and Twenty Cents ($414.20), to be delivered by Defendant and its successor from Los Angeles, California, to the 'City Cleaners', of Temple, Texas, the purchaser thereof;" that the boiler was delivered to him and paid for by him; that it was sold under a strict guaranty of efficiency and material; and that the guaranty was breached. The action was for damages for breach of guaranty.

On the 3rd day of October, 1939, Walter Greig, an attorney of the Travis County Bar, filed in this cause in the county court an amicus curiae suggestion "that L. F. Shaver, who has been served in the above numbered and entitled cause as authorized agent and representative of said corporation, Steamaster Automatic Boiler Company, is not in truth or in fact its agent or its representative," which was by the court overruled. On the 2nd day of January, 1940, appellant, Steamaster Automatic Boiler Company, filed its plea of privilege, praying that this suit "be transferred to the County Court of Los Angeles County, California." On the 29th day of January, 1940, appellee filed his controverting affidavit to appellant's plea of privilege, and by agreement of the parties the issues on these pleas were set for hearing before the court. However, on January 29, 1940, before the hearing was had, appellant, with leave of the court, filed its amended plea of privilege praying that this suit "be transferred to one of the County Courts at Law of Dallas County, Texas, of which there are two, viz., County Court of Dallas County at Law No. 1 and County Court of Dallas County at Law No. 2, either of which has jurisdiction and venue over the person of defendant." On January 30, 1940, appellee filed his controverting affidavit to the amended plea of privilege, excepting thereto generally, and specially that it had been waived. On the merits he pled that his contract with Master Steam Equipment Company was made in Travis County, and generally the facts constituting his cause of action for breach of guaranty. On the 20th day of February, 1940, judgment was entered overruling appellant's plea of privilege, from which it prosecuted its appeal to the Austin Court of Civil Appeals. The case is on the docket of this court by order of transfer by the Supreme Court.

Opinion.

The court filed conclusions of fact and law in support of the judgment overruling the plea of privilege. Appellant's principal points are: (a) There was no evidence to support the allegation that Steamaster Automatic Boiler Company was the successor by change of corporate name, or otherwise, of Master Steam Equipment Company. (b) The second point is the court's error in receiving in evidence certain carbon copies of correspondence between appellee and Master Steam Equipment Company, notice not having been given to appellant to produce the originals.

We sustain the first point. We find no evidence in the record of any corporate connection between appellant and Master Steam Equipment Company, nor do we find any evidence in the record that appellant assumed the obligations of the contract whereby Master Steam Equipment Company sold appellee the boiler in issue. Appellee rested under the burden of establishing his cause of action against appellant, and that burden was not met by the simple allegation in his controverting affidavit that appellant was the successor to Master Steam Equipment Company by change of corporate name. That allegation should have been sustained by proof. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

The second point against the admission of the carbon copies of certain letters can be obviated on another trial.

**1088**

■ The filing of the amicus curiae suggestion by Mr. Greig did not constitute an appearance by appellant. On the record this suggestion was filed by Mr. Greig as an amicus curiae and not as appellant's attorney.

■■ The first plea of privilege filed by appellant was fatally defective, wherein appellant prayed that this cause be transferred to the' County Court of Los Angeles County, California, a relief beyond the jurisdiction of the court. However, it constituted an effort to file 'a plea of privilege, and was subject to amendment. With permission of the court, a plea of privilege may be amended on the same conditions and to the same extent as other pleas. Mueller-Huber Grain Co. v. Heid Bros., Tex.Civ.App., 58 S.W.2d 198; Lillie v. Globe Printing Co., Tex.Civ.App., 6 S.W.2d 444; Cobb v. H. C. Burt & Co., Tex.Civ. App., 241 S.W. 185; Patterson Produce Co. v. Tombs, Tex.Civ.App., 14 S.W.2d 959.

The judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.