### SHAVER v. HUGHES.
#### No. 14970.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 8, 1948.

Milburn E. Nutt, of Wichita Falls, for appellant.

Nelson, Montgomery & Robertson and Allan D. Montgomery, all of Wichita Falls, for appellee.

SPEER, Justice.

This is a venue case, growing out of a suit filed by plaintiff Sid Shaver, in a District Court of Wichita County under the Uniform Declaratory Judgments Act, Article 2524—1, Vernon's Tex.Civ.St., and the several sections thereof, in which he named as defendants Bill Slaughter, W. H. Shaver and Roy Kelley, all residents of Wichita County, and H. J. (Friday) Hughes, a resident of Carson County, Texas.

Hughes filed his plea of privilege and plaintiff controverted it. On a hearing by the court the plea was sustained and plaintiff has appealed. This appeal really presents something "new under the sun."

No money judgment was sought by plaintiff and the pleadings do not allege any specific amount due; only by calculation can the amount in controversy be ascertained. It is obvious that more than $200 are involved and if so the jurisdiction of the district court cannot be assailed, since in that county that court has jurisdiction of all county court civil cases. Article 1970—166b, Vernon's Tex.Civ.St.

Plaintiff's pleadings reveal that he and Hughes had entered into a parol contract by which plaintiff would haul a large quantity of wheat for Hughes from Panhandle City in Carson County to a named concern in Amarillo, Texas, at five cents per bushel. Plaintiff employed Slaughter, Shaver and Kelley to drive his trailer-trucks in doing the hauling. At some unnamed time Hughes had paid plaintiff $500 on the contract and when hauling was finished, plaintiff requested payment of the remainder owing. Plaintiff alleged that he had hauled 42 cargoes and had receipts from the consignee at Amarillo for that many loads, and aggregating approximately 21,000 bushels; that Hughes refused to make further payment under a claim that plaintiff's employees had hauled 43 loads and had delivered only 42; that further payment would not be made until plaintiff delivered or accounted for the extra load.

To sustain venue in Wichita County plaintiff alleged in his controverting affidavit, substantially, that the three truck drivers who resided in that county were proper and necessary parties in order that all involved issues may be tried; that under exception 29a to Art. 1995, R.C.S., Vernon's Ann.Civ.St. Art. 1995, subd. 29a, Hughes was a necessary party and the district court of Wichita County had venue of him. There are further allegations in support of venue under exception 4 to said Art. 1995, R.C.S.

It is our duty to look to the petition to ascertain the nature of plaintiff's cause of action and doing this we learn that in substance plaintiff seeks by a declaratory judgment (1) relief and settlement from uncertainty and insecurity with respect to all rights and the legal relations herein as between all the parties; (2) that all matters involving the hauling of grain by either of the truck-driver defendants be inquired into; (3) that it be determined and adjudicated whether or not there were more than 42 loads of wheat hauled; (4) that it be determined exactly what sum of money is unpaid and due plaintiff by defendants and each of them; (5) declaring and decreeing that there were only 42 loads of wheat hauled; (6) to determine the questions of libel and slander as the proof may show; and (7) a determination of the amount of money owing plaintiff by defendant Hughes, and general relief.

We have carefully read the petition and find no attempt in any form to assert a cause of action for slander and libel.

The three points of error relied upon for reversal are lengthy and somewhat complicated, and, as we understand them, first and second assert error in sustaining the plea of privilege because: The Declaratory Judgments Act, Art. 2524—1, Vernon's Tex.Civ.St., is remedial and will be liberally applied; that section 11 of the Act required that the three truck drivers (employees of appellant) be made parties so that the court could decide which, if either, hauled an extra load of wheat and failed to deliver it at the destination contracted between plaintiff (appellant) and defendant (appellee) Hughes.

■ It is academic to say more than that our fundamental law provides by Article 1995, R.C.S., that "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:" Following this provision the Legislature has, from time to time, definitely enumerated certain well known exceptions; courts are not at liberty to add others. Our courts have so many times said that the privilege vouchsafed to residents of this state by the quoted statute "is a valuable one" we will not stop to cite the cases.

To sustain venue as against appellee, the appellant invokes the Declaratory Judgments Act, Article 2524—1, Vernon's Tex. Civ.St. and certain sections thereof. That article, in part, reads: "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree." Section 1. Section 11 of Article 2524—1 provides in part: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings. * * *" By Section 12 it is provided that the article shall be remedial and its terms shall be liberally construed and administered.

■ Under the provisions of the Act referred to appellant sued his three employees who were residents of Wichita County seeking the declaratory relief already pointed out and in this way contends that venue is maintainable against appellant under exceptions 4 and 29a to Art. 1995, R.C.S. The Act relied upon does not in any respect purport to fix venue as such, nor can it be said to amend or add to the exceptions to Art. 1995, R.C.S.

■ Appellant's petition does not show that he has a cause of action against all or any one of his employees who reside in Wichita County. At most it merely speculates that he would have an action against one or more of them depending upon the final outcome of his controversy with appellee. Certainly his pleadings are not susceptible to a construction that he has a joint cause of action against appellee and any one or more of his truck-driver employees, nor can his petition be construed to mean that he has such a cause of action against the resident defendants that is "so intimately connected with the cause of action alleged against the nonresident defendant (appellee) that the two may be joined under the rule intended to avoid a multiplicity of suits." This is the recognized test as laid down in Stockyards National Bank v. Maples, Sup., 127 Tex. 633, 95 S.W.2d 1300, 1302. The testimony offered at the hearing is no stronger than the allegations.

■ It is the settled law in this state that only venue issues, and not matters going to the merits of a case, can be determined at a venue hearing. Farmers' Seed & Gin Co. v. Brooks, Sup., 125 Tex. 234, 81 S.W.2d 675.

■ Appellant also relies upon exception 29a of Art. 1995, R.C.S., and concedes that the last mentioned exception is ancillary to other exceptions and cannot within its own terms sustain venue; he argues that in this case it is ancillary to exception 4 to Art. 1995, supra. We do not assent to this construction. In Tarrant v. Walker, Sup., 140 Tex. 249, 166 S.W.2d 900, 901, it was held that exception 29a to Art. 1995 relates

only to suits brought in a county where no defendant resides or is domiciled, but which can be maintained there against one defendant under some other exception to that article.

 It will be noted by the relief sought in this case appellant asked the court to find and decree that there were only 42 loads of wheat hauled, the exact amount of money due and unpaid to plaintiff (appellant) and even other things which of course go to the merits of appellant's suit. It may be assumed that appellant sought these declarations upon the theory that the Act provides "such declarations (as the court shall decree) shall have the force and effect of a final judgment or decree."

In so far as we can learn no court of this state has construed or applied the Uniform Declaratory Judgments Act as contended for by appellant. In the view we take, to so construe it would circumvent or bypass our general venue statute and its enumerated exceptions and go far beyond the required "liberal construction and application" of the Act. We overrule the first and second points of error.

Third point asserts error because the court did not hold that when defendant Hughes filed a motion to be allowed further time in which to answer requests for admission of facts after the court had sustained the plea of privilege, defendant Hughes waived his plea and entered his appearance in the case for all purposes.

The record shows that the judgment sustaining the plea was rendered and entered on May 7, 1948. On May 14, 1948, appellee's counsel filed a motion stating they had first seen such request for admission under Rule 169, Texas Rules of Civil Procedure, on May 13, 1948, and asked for additional time in which to aid appellee in making answers thereto.

 Rule 169, T.R.C.P., authorizing the requests by parties for admission of facts is applicable to venue cases where only venue facts are to be tried, and a party invoking that rule does not waive his plea by either requesting admissions' by his adversary or by answering same. Davis v. Battles, Sup., 143 Tex. 378, 186

S.W.2d 60. The court in the cited case referred to Rule 88, T.R.C.P., relating to depositions taken in venue hearings. We may add a reference to Rule 189, T.R.C.P., under which a party must file notice of intention to apply for a commission to take depositions. Under the cited case none of such notices or applications can be said to be a waiver of the plea of privilege. In the instant case, if appellee had either made requests for admission of facts or answered those made by appellant he would not have waived his plea for the reason all were incidental to the proof at the venue hearing; and we think it logically follows as a practical matter that the motion made by appellee for additional time in which to answer the request only went to the issues on venue and not to the merits of the case. We see no reversible error in the point raised.

We find no error requiring a reversal; we sustain the action of the trial court and affirm his judgment.