M. O. FESTER, Appellant,

v.

V. G. LOCKE et ux., Appellees.

No. 15666.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 9, 1955.

Garrett & Garrett and Rufus S. Garrett, Jr., Fort Worth, for appellant.

Henry Mack, Fort Worth, for appellee.

MASSEY, Chief Justice.

This is a plea of privilege case. M. O. Fester, as plaintiff, sued V. G. Locke and his wife and also one Bruce L. Hinman. Locke and his wife were residents of Parker County. Hinman's residence was in Tarrant County. Suit was filed in Tarrant County. Locke and his wife filed their plea of privilege to be sued in the county of their residence, as result of which a hearing was had and an order entered transferring the cause, as to them, to Parker County. The plaintiff appealed.

Judgment affirmed.

In the original plea of privilege filed by the appellees the requisite allegation to the effect that *"no exception to exclusive venue in the county of one's residence provided by law exists in said cause"* was inadvertently omitted. (Emphasis supplied.) Later, upon discovery of the absence of this essential allegation before the controverting affidavit was filed and before time appellant would normally be required to file his controverting affidavit, the appellees sought to amend their plea of privilege and the court permitted them to file an amendment thereto which did contain such allegation. This was done over the strenuous protest of the appellant and by his first point on appeal appellant insists that appellees should be held to have filed a pleading which was a nullity for any purpose other than entry of an appearance in the case. We are of the opinion that the trial court did not err. With permission of the court a plea of privilege or controverting affidavit to such a plea may be amended like all other pleadings, and even though the original plea filed be fatally defective, if it constitutes an effort to file a plea of privilege under our practice it may be amended on the same conditions and to the same extent as other pleas. Steamaster Automatic Boiler Co. v. Cleveland, Tex.Civ.App., Beaumont, 1940, 146 S.W.2d 1086; cases cited in 30 A Tex.Dig., cases cited under note 12 of Rule 86, Vernon's Annotated T.R.C.P.; cases cited under 43–B Tex.Jur., p. 289, "Venue", sec. 107; McDonald, Texas Civil Practice, p. 438, sec. 4.44.

Subject to the action of the trial court in overruling the appellant's motion to strike the appellees' plea of privilege and permitting them to amend the same, appellant filed his controverting affidavit in which he set up his contention that the court had jurisdiction over the appellees under subdivision 4 of Article 1995, T.R.C.S. Under said subdivision a nonresident defendant, sued upon the same cause of action along with another defendant who does reside in the county in which the suit is filed, may be sued in the county of the latter's residence. However, in order to retain jurisdiction against the nonresident defendant (over his protest) within the

provisions of the subdivision a plaintiff must allege a cause of action which is joint, and introduce proof which shows that the subject cause of action actually exists against the resident defendant,—or, if the causes are not joint but only related, he must show that the causes of action are so closely or intimately connected that it is necessary that they be tried together in order that a multiplicity of suits be avoided.

■ The rule is succinctly stated in the case of Kasishke v. Ekern, Tex.Civ. App., Amarillo, 1954, 278 S.W.2d 274, at pages 276 and 277, viz.: "In construing the provisions of Exception 4 of Article 1995, it is well established that to maintain suit against a nonresident defendant, plaintiff must allege a joint cause of action against the resident and the nonresident defendants, and must introduce competent evidence sufficient to prove a cause of action against the resident defendant, under the allegations relied upon. Tunstill v. Scott, Tex.Civ.App., 120 S.W.2d 274; Dearing v. Morgan, Tex.Civ.App., 120 S.W.2d 555; Eppenauer v. Schrup, Tex.Civ.App., 121 S. W.2d 473; Lanham v. Lanham, Tex.Civ. App., 175 S.W.2d 286. It is true that cases growing out of the same transaction which are closely connected together may be joined together to avoid a multiplicity of suits, but appellee has failed to bring his alleged cause of action within such a rule in this case. * * * Neither can venue be maintained against a nonresident defendant over his protests in the county of a resident defendant unless the nature of the alleged cause of action is joined together with or is the same against both defendants so as to make them both liable jointly and severally, or at least make them both necessary parties in order to recover against either." Upon causes of action closely connected and therefore joinable, see: McDonald, Texas Civil Practice, pp. 337–343, sec. 4.10; Atlas Roofing Co. v. Hall, 1952, 150 Tex. 611, 245 S.W.2d 477; Shaver v. Hughes, Tex.Civ.App., Fort Worth, 1948, 214 S.W.2d 176; Pearson v. Guardian Trust Co., Tex.Civ.App., Galveston, 1935, 84 S.W.2d 256; Cobb v. Barber, 1898, 92 Tex. 309, 47 S.W. 963; 37A

Tex.Dig., ■ 43–B Tex.Jur., pp. 206–218, "Venue", secs. 56–61; Clark, Venue in Civil Actions, p. 34, sec. 5.

In the instant case it is to be observed that the trial court was of the opinion that the cause of action alleged by appellant as against the defendant Hinman was not joint with or the same as the cause of action alleged as against the appellees, nor were the two causes of action so closely connected as to warrant retention of venue jurisdiction in the trial court. In view thereof the trial court sustained the appellees' plea. We are of the opinion that the trial court was correct.

■ The appellant alleged that the appellees executed an oil and gas lease which finally vested in Hinman, and that Hinman contracted with the appellant, a drilling contractor, to commence and prosecute drilling operations on the appellees' land in Parker County,—that despite the fact that the lease had expired according to the provisions on its face at the time appellant began drilling operations pursuant to such contract with Hinman, the appellees had (alleged upon information and belief) contracted and agreed with Hinman for an extension of the lease to include the date appellant instituted drilling operations. The appellant further alleged that when he moved his equipment onto the appellees' land and instituted drilling operations appellees so conducted themselves in such manner that he was led to believe that they consented to the commencement of operations, that after reaching a depth which called for Hinman to make a certain payment under the contract he had made with the appellant, Hinman failed and refused to make the payment,—that shortly thereafter appellees informed appellant that they were disputing with Hinman upon the matter of the effectiveness of the lease and that appellees promised to pay Hinman the reasonable value of the work he had preformed if he would cease operations on their land. The appellant did cease drilling operations and his suit is to determine who owes him, for what and how much.

We need to test the transaction or transactions in the determination of whether the causes of action severally alleged against the appellees and Hinman are so intimately connected as to warrant retention of the cause in the county of suit or to transfer it, as it exists against the appellees, in view of their plea of privilege. It is the contention of appellant that they are so connected. In his prayer the appellant sues for $1,500, and in the body of his pleadings is observed allegations from which the amount so claimed could be either the reasonable value of the services performed by him prior to cessation of drilling operations or the damages sustained by him through Hinman's breach of contractual obligations to him. Any tendency to confusion is readily eliminated when it is realized that the reasonable value of the services might be a wholly different amount from the damages appellant might have sustained through Hinman's breach. With this done it can readily be perceived that while it would be a convenience to the appellant to prosecute his cause of action against the appellees as part and parcel of the prosecution of his cause of action against Hinman, and while his likelihood of obtaining a judgment against one or the other might be bettered if he could litigate the questions in a single trial, yet the causes of action under consideration neither grew out of the same transaction nor do they constitute causes in which interests in the same property or fund might be litigated. Neither would a recovery against either Hinman or the appellees inhibit appellant's recovery against the other. He might obtain all the relief he seeks against Hinman of which the law avails and also in the other case all the relief he seeks of the appellees. The causes of action seek relief which would be separate and primary as to each defendant sued.

Furthermore, we are of the opinion that the pleadings in the case fail to show a cause of action against the appellees which entangle their interests in the controversy alleged (and proved) to exist between the appellant and Hinman, the resident defendant. Pleading in this respect is essential if jurisdiction of the person over appellees be retained. See McDonald, Texas Civil Practice, p. 337, sec. 4.10. Since a severance of the causes of action, effected through sustaining appellees' plea, would not give rise to, rather than avoid, a multiplicity of suits, there is certainly no good reason why the more general rule should not be the one to be applied, i. e.: that the exception is inapplicable where the claims against the several defendants are not of the same nature. McDonald, Texas Civil Practice, pp. 339–340, sec. 4.10. Since, in a trial of the liability of Hinman to the appellant, an investigation of the liability of the appellees would not necessarily develop substantially all the findings determinative of the liability of the appellees, certainly the "balance of convenience" would favor the sustaining of appellees' plea of privilege. McDonald, Texas Civil Practice, p. 341, sec. 4.10. It occurs to us that Mr. McDonald's statements in this regard would be directly related to the question of when there would be a "multiplicity of suits," when there might be occasion to try separately claims in a single suit under provisions of T.R.C.P. 174, etc.

Appellant's alternative effort to hold the case in Tarrant County through a plea for declaratory relief is of no avail in a plea of privilege case, for to permit application of the rules to this special category of suits would permit the circumvention of the venue statute. Shaver v. Hughes, supra.

Under the circumstances, we are of the opinion that the appellant has not brought his case within the exception of subdivision 4, Article 1995, and that the trial court has not erred.

Judgment is affirmed.